## Case No. 15,809.

### UNITED STATES v. MORGAN et al.

[3 Wash. C. C. 10.] [1]

Circuit Court, D. Pennsylvania. April Term, 1811.

EMBARGO LAWS—BOND—UNAUTHORIZED STIPULATIONS.

Where a bond had been taken by the collector, by which the obligor stipulated to reland a cargo, on board a particular vessel, in the United States; although the same might be prevented by the perils of the sea, and stipulating that a certificate of the landing of the cargo should, within a limited time, be delivered to the collector of the port of Philadelphia, to whom the bond had been given; the court held the bond void, the embargo laws not authorizing the insertion of such stipulations.

[Cited in Bank of U. S. v. Brent, Case No. 910. Distinguished in U. S. v. Brown, Id. 14,663. Cited in Jackson v. Simonton, Id. 7,147; Hawes v. Marchant, Id. 6,240.]

[Cited in brief in Inhabitants of Scarborough v. Parker, 53 Me. 253. Cited in State v. Sooy, 38 N. J. Law, 331.]

This was an action of debt, brought upon an embargo bond, dated 24th December, 1807, taken to the United States. The plea, to which there was a demurrer, presented the following objections to the bond, which, it was contended, avoided it: (1) That the collector, and not the United States, should have been the obligee. (2) That the condition of the bond omits to insert the words, "dangers of the sea excepted." (3) That it binds the defendants [Morgan and Farquhar] to deliver to the collector at Philadelphia, where the bond was taken, the certificate of relanding in the United States, within three months from the date of the bond.

Cases cited by the defendants: 3 Vin. Abr. p. 420, pls. 18, 21; 6 East, 110; 3 Mass. 105; Cowp. 26.

WASHINGTON, Circuit Justice. The bond upon which this action is founded, is a statutory instrument, taken to the United States by one of its officers, which the court admits to have been proper. But, as that officer had no authority to take such a bond, but in virtue of a power conferred upon him by

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the government of the United States, the power should have been, at least, substantially pursued. The embargo law, under which this obligation was taken, does not set out, in precise terms, the form of it; but the material parts of it are clearly prescribed. It is to be in a sum of double the value of vessel and cargo, with condition that the goods shall be relanded in some port of the United States, dangers of the sea excepted. If it be taken in a greater sum than the law directs;—if the condition stipulate a relanding elsewhere than in the United States;—if it stipulate a relanding absolutely, when the law requires it to be done on a certain condition;—or if it bind the obligors to do more than the law requires—it is not the bond which the officer was authorized to take, and all is void. A contrary doctrine might be productive of the most intolerable oppression to the citizen, as well as of detriment to the government. The court will not say, that if such a bond be voluntarily given, it would on that account be valid. But there is no ground for saying that the bond in question was voluntarily given, since the reverse is stated by the defendants, and admitted by the United States.

Applying the above principles to this case, the bond is void—First, because the condition is to reland the cargo within the United States, although the obligors might have been prevented from doing so, by a peril of the sea; and, secondly, because the condition requires the obligors to return the certificate of relanding to the collector at Philadelphia, within a limited time, whereas the law did not impose upon the obligors the necessity of returning the certificate to that officer at all, much less to do so within any prescribed period.

Demurrer overruled, and judgment for defendants.