· [PHILADELPHIA, FEBRUARY 17, 1834.]

## M'WILLIAMS Administratrix of M'WILLIAMS *against* HOPKINS.

An administration bond, in which there is but one surety, is *ipso facto* void.

But if a suit be brought under letters of administration founded on such a bond, against a defendant who gives insufficient bail, of the entry of which the attorney of the plaintiff does not give him notice, and thus he is prevented from excepting to it, and after the defendant has absconded, judgment is obtained against him, an action may be maintained against the attorney for neglect of duty.

And if the attorney in the suit brought against the attorney in the original suit, be guilty of a neglect of duty, a suit will lie against him, notwithstanding no valid letters of administration have been granted to the plaintiff; because the latter suit, was for no duty owing to the intestate, but for an implied promise to the plaintiff himself, that his attorney would conduct his action with reasonable diligence and skill; and naming himself administrator, is surplusage, or at most matter of description.

THIS was a motion to set aside a non-suit directed by the Chief Justice at Nisi Prius.

The case was this. *Mary M'Williams*, the plaintiff, administratrix of *James M'Williams*, deceased, brought suit against one *Clark* for embezzling the effects of the deceased. She employed *Samuel Ewing*, esquire, as her counsel, who obtained judgment against *Clark*, but in consequence of his alleged neglect, and violation of instructions, the plaintiff derived no advantage from the judgment, *Clark* having escaped by reason of the insufficiency of his bail. The imputed neglect was an omission to give the plaintiff notice of bail having been put in, by which the plaintiff was prevented from excepting to them on the ground of insufficiency.

The plaintiff brought suit against Mr. *Ewing* for this alleged violation of orders and neglect of duty, and in this suit employed *Joseph R. Hopkins*, esquire, the present defendant, as her counsel, who received a fee, entered his name on the record as her attorney, was often consulted in reference to the suit, and filed a declaration, but in consequence, as was alleged, of his neglect to file a declaration for more than a year, though often requested to do so, the defendant in that suit, Mr. *Ewing*, entered a *non pros.* Mr. *Hopkins*, it was alleged, continued for two years afterwards to act as the counsel of the plaintiff, encouraging her to believe that the cause would speedily come to trial, and giving her no notice of the non-suit.

On the death of Mr. *Ewing*, nearly three years after the suit had been brought against him, the plaintiff discovered the non-suit, and for the neglect imputed to Mr. *Hopkins* in conducting the suit against Mr. *Ewing*, the present action was brought.

On the trial of the cause, the defendant's counsel moved for a non-suit on account of an alleged defect in the plaintiff's administration bond, which was given by the plaintiff with one surety only. The letters of administration granted on this bond, were those on which Mr. *Ewing* brought the original suit. On the twentieth of *November*,

(M'Williams *v.* Hopkins.)

1829, a new bond was given in pursuance of an order of the Orphans' Court, but no new letters of administration were granted.

His Honour directed a non-suit to be entered, with leave to move to take it off.

*Earle* and *D. P. Brown* argued in support of the motion, and

*J. Randall* and *J. Sergeant* against it.

The opinion of the court was delivered by

GIBSON, C. J.——The administration bond having been executed but by one surety, the grant of administration which was the foundation of the plaintiff's title to sue in the action against *Clarke,* is, *ipso facto,* void, by the positive and unequivocal declaration of the legislature.   It therefore seemed to me at the trial, that the plaintiff had received no actual injury, at the time, from the omission of her attorney to communicate to her the notice of bail, so as to enable her to except to their sufficiency ; and that her subsequent recovery of judgment, when the defendant had absconded, could not give her a cause of action which she had not before ; and acting on this supposition, I directed a non-suit, with leave to move in bank.   On reflection, I am convinced that I ought not to have decided on the probability that the defendant would have perceived the defect in her title, had he remained to contest it, and taken advantage of it.   Judging from the plea put in, which would exclude it, the chance is that he would not ; and though that might have been changed at the trial, there is not one case in a thousand which brings into view the validity of the administration bond of which there never is a profert.   For this reason, the allegation of the plaintiff that her counsel was responsible to her for not having apprized her of the deficiency of the bond, before he brought the suit is without foundation, the presumption being that the register has done his duty, and the counsel being bound to examine nothing but the immediate foundation of the action.   But having obtained a judgment, the presumption on the other hand is, that she was prejudiced by the want of notice of bail, if such were the fact.   She is not to be precluded therefore, if she can show negligence, in this particular, in the original action, as well as negligence by the defendant in prosecuting the original counsel for it.   It is alleged, however, that the same defect that would have defeated her in the original action must defeat her in this, founded as it is on the same grant of administration ; which, being void in its creation, continues to be so, notwithstanding the subsequent addition of a surety in the administration bond.   The grant is undoubtedly no better than it was at first ; but the letters of administration are not the foundation of the present action.   She sues here for no duty that was owing to the intestate, but on an implied promise to herself, that her attorney would conduct her action with reasonable diligence and skill.   It is true that whatever shall be recovered will be assets ; but so would be the avails of a bond or note for the price of the intestate's effects

sold by the administrator, which are recoverable but in his own right, the naming himself administrator being surplusage, or at most matter of description. The cause is therefore to be put to another jury.

Non-suit set aside.