## Henry *against* The Commonwealth.

A criminal in confinement for costs is not entitled to his liberty upon giving bond to take the benefit of the insolvent laws. If he do give such bond, an action upon it cannot be supported.

ERROR to the common pleas of *Dauphin* county.

This was an action upon an insolvent bond, by the Commonwealth against the administrators of Gowen Henry. The case presented the following facts. Gowen Henry had been convicted of forgery, sentenced to imprisonment for one week, and to pay the costs of prosecution: he was pardoned by the governor, and gave a bond to the Commonwealth, with security, to appear at the next court of common pleas to take the benefit of the insolvent laws : he was discharged, thereupon, from custody; but did not appear in pursuance of the condition of the bond. This suit was then brought on the bond to recover the amount of the costs of prosecution, for the pay-

ment of which the defendant's intestate had been committed. The question was, whether the taking of said bond was authorized, and whether there could be a recovery upon it. Judgment was rendered for the plaintiff in the court below.

*H. Alricks* and *M'Kinney*, for plaintiffs in error, cited, act of 1820; M'Kee *v.* Stannard, 14 *Serg. & Rawle* 381 ; King *v.* Culbertson, 10 *Serg. & Rawle* 325 ; Commonwealth *v.* Shannon, 13 *Serg. & Rawle* 109 ; Holden *v.* Bull, 1 *Penns. Rep.* 460 ; Biddis *v.* James, 6 *Binn.* 329 ; Seidenbender *v.* Charles, 4 *Serg. & Rawle* 160 ; *Yelv.* 197 ; 3 *Com. Dig.* 98 ; Mitchel *v.* Smith, 1 *Binn.* 119 ; Bruce *v.* Lee and another, 4 *Johns. Rep.* 410.

*M'Clure,* contra, cited, Duncan *v.* Commonwealth, 4 *Serg. & Rawle* 451 ; Holdship *v.* Jaudon, 16 *Serg. & Rawle* 308 ; Morse *v.* Hodson, 5 *Mass. Rep.* 317 ; Clap *v.* Cofran, 7 *Mass. Rep.* 101.

PER CURIAM.—The act of 1814, which extends the benefit of the insolvent laws to criminals in confinement for costs, contains no provision for intermediate liberty, whether the applicant be under sentence or in execution. That measure was introduced by the act of 1820, which relates by its terms but to debtors in execution, though the case of prisoners under sentence must have met the eye of the legislature, as it was embraced by the preceding legislation. Under these circumstances, and particularly as the legislature might well see reason to distinguish between those who are criminal and those who are but unfortunate, to be silent about it was to except it. The bond, then, being unauthorized by statute, cannot support an action.

Judgment reversed, and judgment rendered here for defendants.