+w 21
134  198

## Sharp *against* The United States.

The second section of the act of congress of the 19th of April 1816, which makes it the duty of the collector of the revenue to take a bond from the proprietors of stills, with two or more sureties, is directory; and a bond taken with one surety is good.

But a bond taken in pursuance of that act, signed by one surety, which contained in the body of it the names of two, is not recoverable against the one who signed it, unless it be proved that he who signed it dispensed with the execution of it by the other.

The defence, that but one of two sureties named in the body of a bond signed it, may be made upon the plea of payment, with leave, &c.

ERROR to the common pleas of *Cumberland* county.

This was an action of debt by the United States against the executors of Alexander Sharp, upon this bond:

" Know all men by these presents, that we, John Laughlin, Jun., of the township of Mifflin, in the county of Cumberland, in the state of Pennsylvania, and Alexander Sharp and William Laughlin in the county of Cumberland, in the state of Pennsylvania, are held and firmly bound unto the United States of America in the sum of 637 dollars, money of the United States, in which payment, well and truly to be made, we bind ourselves jointly and severally, our joint and several heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated this 25th day of December 1816.

" The condition of this obligation is such, that if the said John Laughlin shall and do, immediately after the end of twelve months from the 30th day of June next, well and truly pay or cause to be paid to the collector of the revenue for the eleventh collection district of Pennsylvania, or to his deputy, legally appointed, or to the person or persons who, on behalf of the United States, shall be authorized to receive the same, the sum of 318 dollars 60 cents, being the full amount of the duties payable by him, in virtue of the act of congress passed April 19th, 1816, entitled " an act to abolish the existing duties on spirits distilled within the United States, and to lay other duties, in lieu of those at present imposed, on licenses to distillers of spirituous liquors," on two stills of the capacity of two hundred and twenty-five gallons, including the heads thereof, situate in the township of Mifflin, in the county of Cumberland, and state of Pennsylvania, now belonging to John Laughlin, and under the superintendence or management of John Laughlin, to be employed in distilling spirits from domestic materials for the term of six months

from the 1st day of January 1817, according to the true intent and meaning of the act aforesaid, then this obligation to be void.

"JOHN LAUGHLIN,    [L. S.].
"ALEXANDER SHARP, [L. S.]."

The defence was, that the act of congress recited in the bond, authorized the collector to take a bond with two or more sureties, and that one taken with but one surety was void, and no recovery could be had upon it : and, that inasmuch as the body of the bond contained the names of two sureties when the defendant's testator signed it, it would be a fraud to hold him alone liable for the money. But the court below was of opinion that the plaintiff was entitled to recover, and so instructed the jury, who found accordingly.

*Watts* and *Williamson,* for plaintiffs in error, cited, 4 *U. S. Laws* 572, 726 ; 6 *U. S. Laws* 70, *sec. 2 and 4* ; 2 *Cranch* 386 ; Bean *v.* Parker, 17 *Mass. Rep.* 605 ; 2 *Pick.* 24 ; M'Williams *v.* Hopkins, 4 *Rawle* 382 ; 7 *Conn. Rep.* 239 ; 13 *Serg. & Rawle* 191 ; M'Kee *v.* Stanard, 14 *Serg. & Rawle* 380 ; 1 *Brid. Eq. Dig.* 430 ; Mitchell *v.* Smith, 1 *Binn.* 118.

*Carothers, contra,* cited, Morse *v.* Hodsdon, 5 *Mass. Rep.* 314 ; Clap *v.* Cofran, 7 *Mass. Rep.* 98, 200 ; Holdship *v.* Jaudon, 16 *Serg. & Rawle* 307.

The opinion of the Court was delivered by

ROGERS, J.—The second section of the act of congress of the 19th of April 1816, makes it the duty of the collector, in certain cases, previously to issuing a license to the owners of stills used for the purpose of distilling spirituous liquors, to take a bond from the proprietor with two or more sureties, conditioned for the payment of the duties. The bond on which this suit was brought purports on its face to have been taken in pursuance of this act, but varies from the direction of the act in this particular, that it is executed by the principal with one surety only. It is contended by the defendant that for this reason the bond is void ; but the court of common pleas were of a different opinion, and in this position they are supported by the authorities cited at the bar. The provisions of the act of congress are in this respect directory, and were intended as much for the protection of the collector as for the security of the revenue. If the parties dispense with two sureties it is no reason the bond should be avoided, although it makes the collector responsible to the government for the amount of the duties. It would be unreasonable to give this effect to the transaction, when the additional surety may have been dispensed with at his request, and for his benefit. It is said that a penalty is imposed on the owner of a still who distils liquors without a license, but notwithstanding this provision, I cannot agree that the owner who obtains a license under the circumstances stated, incurs the penalty imposed by the act. The license,

[Sharp v. The United States.]

although irregularly obtained, would be an available defence to a suit for the penalty. The act inflicts the penalty only on those who undertake to distil without license. But in the conclusion of the charge we think there was error. The bond purports to be a joint and several bond, intended to be executed by John Laughlin, Jun., Alexander Sharp and William Laughlin, conditioned for the payment of 318 dollars 60 cents, being the full amount of the duties payable by John Lauglin, Jun., in virtue of the act of congress passed April 19th, 1816, entitled " an act to abolish the existing duties on spirits distilled within the United States, and to lay other duties, in lieu of those at present imposed, on licenses to distillers of spirituous liquors." The bond, at the time Alexander Sharp affixed his signature to it, was filled up with the above names, and contains the reference to the act of congress, which requires, as before remarked, a bond, with two or more sureties. At the time, therefore, that Alexander Sharp, who was the obligor second named, signed the bond, he had a right to believe that it was the intention of all the parties that the bond was to be taken in strict conformity with the act of congress, and that William Laughlin would also execute the bond. If, therefore, this reasonable expectation was disappointed, either wilfully or negligently, he has cause to complain. His signature is conditional, and unless it be shown that the condition, viz. the execution of the bond by William Laughlin, whose name was in the body of it, has been dispensed with by him, he has a good defence to the suit. A man may be willing to bind himself jointly with another, and still unwilling to make himself alone responsible. We cannot agree with the court of common pleas that there is nothing justifying the construction from the face of the bond, in the absence of any other proof, that it is void as to the present defendant. Unless the plaintiff can show that Sharp was informed that William Laughlin had not signed the bond, and agreed that he would alone be liable, the plaintiff cannot recover, and the court should have so instructed the jury. It has been urged that this defence could not be made under the plea of payment, with leave, &c., and on this point we had some doubts ; but on examination we are inclined to believe that this point has been already decided. Parol evidence has been admitted under the plea of payment to a suit on a bond against a surety, to show that he executed the bond under a declaration by the obligee that his signing was a mere matter of form, and that he never should be called on for payment. Miller *v.* Henderson. That was a case of fraud ; and in this it is contended it differs from the present. But although in this transaction it is probable at the time the parties did not intend to commit a fraud on Sharp, yet there is fraud in attempting to make a fraudulent use of the bond by enforcing payment from the defendant.

Judgment reversed, and a *venire de novo* awarded.