# Mears *against* The Commonwealth.

A bond given by an assignee, under a voluntary deed for the benefit of creditors, with but one surety, is not void, although it do not appear to have been approved by a judge; and it may be enforced against the assignee and surety.

ERROR to the common pleas of *Berks* county.

The Commonwealth for the use of Lewis Evans against Henry H. Mears and Riah Gilson.

The plaintiff gave in evidence the assignment of John Evans, for the benefit of creditors to Henry Mears: the inventory filed by the assignee, and the bond of Henry H. Mears, with Riah Gibson as surety, and then called Elijah Deckert, Esq., as a witness, who testified as follows:

"I witnessed the bond. I drew it. I told Mears to get two sureties, that the act of assembly required it. Mears and Gilson afterwards came to me and said they wished to execute that bond. I then filled it up just as it now is, and both of them signed it. The third seal was then to it. Nothing then was said by them or me about a third person signing the bond. After it was executed, I took it to the prothonotary's office, I think, and had it filed. I was counsel for Henry H. Mears in that business."

The plaintiff then gave in evidence the account of the assignee and the report of auditors, showing a balance in his hands of 1222 dollars 86 cents: and then found that John Evans was a debtor to Lewis Evans, the plaintiff, to the amount of 1180 dollars.

The defendant then requested the court to charge the jury that the bond upon which the suit was brought was void, as to Riah Gilson, the surety, because it

1. Was not approved by a judge of the court of common pleas.

2. Because given in more than double the amount of the inventory.

3. Because not given with two sureties.

4. Because there were three seals to it when Riah Gilson signed, and it has not been proved that he agreed to dispense with a co-surety.

Banks, president, charged the jury that the defendant, Riah Gilson, under the circumstances of the case, could not avail himself of any of the reasons alleged as a defence, but that the plaintiff was entitled to recover.

Errors assigned.

1. The charge of the court generally.

2. The court erred in charging that Riah Gilson, the surety, was liable, notwithstanding the bond was not approved by the court—was in more than double the amount of the inventory, and notwithstanding there was no other surety but himself.

3. The court erred in charging that it was unnecessary for the plaintiff to prove that Gilson agreed to be liable without another surety, when the third seal was to the bond at the time Gilson signed.

4. The court erred in withdrawing from the jury the question, whether Gilson's signature was unqualified, or dependent upon another surety signing with him.

5. The court erred in instructing the jury that their verdict should be for the plaintiff.

6. The court erred in rendering a judgment against Riah Gilson, after having rendered judgment against Henry H. Mears, on the 20th of February 1837.

*Smith* and *Strong*, for plaintiff in error, cited 1 *Peters, C. C. Rep.* 46; 4 *Wash. C. C. Rep.* 620; 4 *Rawle* 332; 4 *Cranch* 219; 1 *Rawle* 399; 4 *Watts* 21; 2 *Pick.* 25; 1 *Johns. Cas.* 129; 3 *Watts* 384; 5 *Watts* 332; 1 *Watts* 126.

*Gordon,* for defendant in error, cited 5 *Watts* 472; 3 *Wash. C. C. Rep.* 10; 9 *Cranch* 28; 16 *Serg. & Rawle* 68.

The opinion of the Court was delivered by

Huston, J.—In the case of administrators, (and some others,) the enactment of the legislature requires bonds, with a specified number of sureties to be given, before letters of administration are issued by the register, and the law declares the letters of administration void, unless such bond be given. In that case, and perhaps in all cases, where a bond is held to be wholly void for informality, there is some officer appointed, by whom it is to be taken, and whose duty it is to see that it is in all respects conformable to law. The law, requiring that assignees of a person who makes a voluntary assignment of his property for the benefit of his creditors, at no time appointed any officer to draw and take such bond. The late act of 1836, though more particular in its provisions than the former laws, only requires the assignees and sureties to draw the

bond and execute it, and a judge to approve of the security, and then the bond is to be taken to the prothonotary's office, and by him entered of record: former laws only required it to be filed. It is then manifest, that if those who draw and execute the bond, could, by some omission or variation of the amount, or of a word, render it void, and the assignees and sureties escape all responsibility for the property received, it might be very detrimental to creditors; and such construction could not be put on the acts of assembly, unless the words were imperative.

Even in the case of administration on the estate of a deceased person on a bond with one surety only, if such administrator re- covers money by suit in court, it is not clear that the judgment could be reversed, nor has it been yet decided that the surety would not be liable, if money so recovered was wasted. The law does not say the bond shall be void; see 4 *Rawle* 382; but it is not meant to give any opinion on such a case.

Without going through all the cases to be found, I shall refer to some decisions on bonds directed by statute made in this state.

In 1 *Peters C. C. Rep.* 46, it is said a statutory bond is void for all beyond what the law authorises to be secured by it.

In 3 *Wash. C. C. Rep.* 10, a bond positive, where the act directs it to be conditional or binding to do more than the law requires is void; a doubt is expressed as to the bond then in question, if it had been voluntary; in that case it was given to release a ship, and before a clearance could be obtained.

In 4 *Wash. C. C. Rep.* 620, where the law requires a bond and prescribes the conditions, it must substantially contain those conditions, or be void; at least for the excess. These cases all relate to what is required by the bond to be done, not to any defect in the number of the sureties; and only go to show that a bond may be good for some purposes, though not for all that is contained in it.

Some cases were cited bearing on quite a different question, as 3 ~~Rawle~~ 384, where a person, being under sentence for fine and costs, was discharged from confinement on giving bond in the same form as is allowed in cases where a person is in prison solely for debt. The bond was held void, because this court were of opinion we could not extend the law for relief of insolvents beyond what had been done by the legislature, and they have not extended it to those confined on sentence as criminals. ·

In Sharp *v.* The United States, 4 *Watts* 21, we have a case which governs this. The act of congress required a bond to secure the duties on distilled spirits, to be secured by a bond with two sureties, and the act was referred to in the bond. The bond was filled up with the names of John Laughlin (the distiller), Alexander Sharp, and Wm. Laughlin; and was executed by the two first, but not by Wm. Laughlin. The common pleas held that the bond

was not void, because executed by the principal, and only one security, but added there was no evidence and nothing to show that A. Sharpe did not intend to execute the bond as sole surety. This court affirmed the first part of the opinion, and said that although the collector, who was directed to take bond with two sureties, might be liable to the United States, if he took only one; yet the bond was not void on account of having been executed by only one surety; but the cause was sent back because it had been said there was nothing to show that Sharpe did not agree to be surety without another person along, when the insertion of the name of William Laughlin, in the body of the bond, was a strong indication that it was understood and agreed he should also be a surety.

In the present case the insertion of the copulative *and* between the two names at the beginning of the bond, is some evidence that no other person was intended or expected to sign it. The drawing a line through the residue of the blank is further evidence that no other name was expected or intended to be inserted; and although the gentleman who conducted the business as the lawyer of the assignee had told him to bring two sureties, there is no evidence that Gilson was told of this; and the proof is positive that when Mears and Gilson came to sign the bond, not one word was said about an additional surety. The court was right, then, in saying, on the authority of the case in 4 *Watts* 21, that the bond was not void because there was only one surety; and that neither the face of the bond, nor any testimony in the cause, was evidence that another was expected or intended to sign it.

The paper book furnished by the counsel for the plaintiff in error shows nothing about a judgment entered against Mears at any former period, but shows an issue and verdict and judgment against both; and, as nothing appears on which to found the last assignment of error, I need say nothing about it. It may, however, be better to refer to 2 *Tidd's Practice* 777, where it is said, "In an action of debt on bond conditioned for the performance of covenants, where breaches are assigned in the declaration or suggested after issue on *non est factum*, &c., on the statute of 8 and 9 Wm 3, the *venire* should be awarded to try the issue, and in case it be found for the plaintiff to inquire of the breaches, and assess the damages." And the author goes on to show that where there are several defendants, in case sounding in damages, and some, to the action and an issue is joined, and others let judgment go by default, the jury is to try the issue and assess the damages against all, and he gives the form of a *venire*. By our law we have one *venire* and one panel of jurors to try all issues. By the act framing our judiciary of 1722, in the last section, we have a provision for assessing damages by a jury in court; and in 13 *Serg. & Rawle* 447, this mode is approved of by the late chief justice. The cases in which it is said a judgment against one defendant estops any further pro-

[Mears v. The Commonwealth.]

ceedings against other defendants, will be found to be when judgment is taken against one defendant for a sum certain, and not such where it is only interlocutory and such as requires a verdict or inquisition to give it effect.

Judgment affirmed.