Mr. Justice Clayton
delivered the opinion of the court.
This is an action of debt on the official bond of Richard S. Graves, as the treasurer of the state, for the penal sum of eighty thousand dollars.
Two errors have been principally relied on in argument, to reverse the judgment of the court below.
The first is, that the demurrer to the plea of William Perry, H. P. Barnes, Mabin Barfield, and Richard W. Graves was improperly sustained. That plea states “ that John Middleton and Thomas Hogg had signed and sealed the pretended writing obligatory, before it was presented to them to be signed and sealed by them, and they aver that they signed and sealed the same, in the belief that the said Middleton and Hogg had executed the same as their proper act and deed, and they aver that *21 said Middleton' and Hogg had delivered the ^said pretended writing obligatory, to Richard S. Graves, the principal therein, to be binding on the said Middleton and Hogg, but on condition that one Wilson Hemingway and Samuel Parker should sign, seal and deliver the said pretended writing obligatory, as their proper act and deed, and they aver that the said Hemingway and Parker did not, and have not executed the said writing obligatory, as their proper act and deed, by means whereof the said Hogg and Middleton are not charged by the said pretended writing obligatory, wherefore they, the said Perry, Barnes, Bar-field and Graves say, that the said pretended writing obligatory is not their deed, and of this they put themselves upon the country.”
This plea, in substance, alleges, that Middleton and Hogg had executed the bond as an escrow, that the other defendants had executed it under the belief that it was absolute, and that they, therefore, are not bound.
The plea amounts to a special non est factum, resting for its efficacy upon fraud, in the execution of the instrument. It is not a plea of an escrow, for it does not aver that they executed the bond upon any condition whatever. That averment is. indispensable «5'the plea of an escrow. Then is any such fraud averred in the obtaining of the instrument, as will render it void as to the defendants who rely on this plea. It does not allege that Richard S. Graves made any representation to them on the subject; his silence is the alleged ground of fraud. He did not communicate to them, that the signatures then attached to the bond, were placed there upon an unfulfilled condition. This is the ground of complaint. But if there were any fraud in this, Richard S. Graves, the principal obligor was the guilty agent, not the state of Mississippi. He was, by these defendants placed in a situation in which he practised a fraud upon the state, if they can be released. If the state is as blameless as they are, they must bear the burden, because they put it in the power of Graves to practise the fraud. They trusted most, and they must suffer most; they do not pretend that the officers of the state had any knowledge of the fraud complained of.
*22 The law upon this subject is very plain. A late writer thus lays it down; “fraud by the creditor, in relation to the obligation of the surety, or by the debtor, with the knowledge or assent of the creditor, will discharge the surety from his liability.” Burge on Suretyship, 218. This principle has been recognized as sound law, in a recent English case, and the knowledge or assent of the creditor is the criterion for determining the liability of the surety. The court says, “the plaintiffs are not to be made responsible for the communication or want of communication between their debtor and the surety, unless they are shown to be agreeing to it.” If with the knowledge or assent of the creditor, any material part of the transaction is misrepresented to the surety, the security so given is void at law, on the ground of fraud.” Stone v. Compton, 35 Eng. Com. Law R. 64; S. C. 5 Bing. N. C. 142.
We think, therefore, there was no error in sustaining the demurrer to this plea; and that the plea interposed .no valid defence, without an averment, that the state had knowledge of, or consented to the fraud alleged to have been practised by the principal.
After the demurrer was sustained, the cause was submitted to the jury upon the issues joined, and a verdict rendered for the plaintiff for $51,865.47. The next error insisted on is, that the court refused to set aside this verdict, and grant a new trial.
Two of the defendants, Hogg and Middleton, had pleaded “that they had delivered the bond to Richard S. Graves, the principal obligor, as an escrow, to be binding and obligatory on condition that Wilson Hemingway and Samuel Parker should execute the same, and that said Hemingway and Parker had never executed it.” The only evidence on this subject was that of a witness, who stated, “ that he was present when the defendant Middleton signed the bond; that Richard S. Graves stated to said Middleton, that Samuel Parker and Wilson Hemingway would execute the bond as securities, and other persons; that said Middleton replied, that if said Parker and Hemingway would execute the bond, he would, and he accordingly signed and sealed it.” Middleton moved for a new trial, because the *23 verdict was against the law and evidence, and the verdict and judgment being joint, if reversed as to him, must be reversed as to all.
On this part of the case, the only question is, whether the evidence establishes the delivery of the deed as an escrow., The law on this point is nowhere better laid down, than in Sheppard’s Touchstone, 58. He says, “ the delivery of a deed, as an escrow is said to be, where one doth make and seal a deed, and deliver it unto a stranger until certain conditions be performed, and then to be delivered to him to whom the deed is made, to take eifect as his deed. And so a man may deliver a deed, and such a delivery is good. But in this case two cautions must be heeded. 1. That the form of words used in the delivery of a deed in this manner be apt and proper. 2. That the deed be delivered to one that is a stranger to it, and not to the party himself to whom it is madefy' The author then goes on to set out the form of words, which must be used at the time of delivery, to prevent the operation of the deed as an absolute instrument. The other elementary writers adopt this doctrine without qualification. 4 Cruise Dig. 32; Comyn Dig. Fait. A. 3, notes; 2 Lomax Dig. 29. The decided cases, too, hold an uniform language on this subject; to make a deed an escrow, the delivery must be conditional. Jackson v. Catlin, 2 John. 258; Blume v. Bowman, 2 Iredell, 342; Evans v. Gibbs, 6 Humph. 407; 4 Watts, 181. There is a lucid exposition of the rule in the case cited from 6 Humphreys. “ The sealing and signature not being denied, it is incumbent on him who alleges it to be an escrow, to prove affirmatively, not that the principal promised something farther should be done, by way of inducement to his execution of the instrument, but that the performance of such further act was the condition upon which he was to become bound, or the instrument to be delivered as his act and deed.”
The cases cited for the plaintiffs in error do not hold a different doctrine; they relate to the application of the rule, not to the rule itself. Thus in King v. Smith, 2 Leigh, 157, “King signed the bonds and delivered them to the marshal, upon the express condition, that Waite should also sign them as surety, *24 and if he refused to do so, that the bonds should not be obligatory on King.” The court held, that the condition made the instruments only escrows. In Sharp v. The United States, 4 Watts, 21, the defence was, “ that the act of congress recited in the bond, authorized the collector to take a bond with two or more sureties, and that a bond taken with but one surety was void.” The bond had the name of two sureties in the body, but was signed by only one. It was held, that the surety who signed had a right to believe that the bond would be taken in strict conformity with the law, and that the other party named, would also sign. His signature was conditional.” Whether that court drew the correct inference from the facts, is not the question; it recognized the rule of law, as hereinbefore stated. Of the same character is the case of Fitz v. Green, 3 Dev. 291, where a guardian was required to renew his bond, with two persons named as his sureties. One of them executed it and left it with the clerk. The court held that the bond had been delivered only as an escrow, and that the party had declared, through the mouth of the court, that the bond was not to be accepted, until the other had executed it. The case was decided on the ground that there was no evidence of a delivery. The case of Webb v. Jones, 1 Car. Law R. 510, is of the same nature. Leaf v. Gibbs, 19 Eng. Com. Law R. 475, was a case of fraud. The agent of the plaintiffs told the defendant, that his mother was to join in the note, and, therefore, said the court, “ the obtaining of his signature was a condition, which, if not performed, would justify the defendant in withdrawing.” It was left to the jury to say if the defendant had waived the objection. But this case falls within the rule laid down in Stone v. Compton, above cited, and is not applicable here, unless the representation had been made by the state, through its officers or agents.
These cases all show, that whether the deed were delivered upon a condition or not, is a question of fact, upon the determination of which depends the judgment. In this case, this question was submitted to the jury, without any instruction from the court. Their verdict, so far from being contrary to the law and the evidence, is, in our view, in accordance with both.
*25 An ingenious argument has been made, to show that the funds received by the treasurer and not accounted for, were not received by him'in pursuance of law, and by virtue of his office of treasurer, and that his sureties are not, therefore, bound for the amount. It is a sufficient reply to this, to state, that the bill of exceptions does not contain any testimony on this point, nor show what kind of funds were received by the treasurer. In the absence of such proof, the verdict must be considered correct.
The judgment is affirmed.