In Special Term—SPENCER, J., presiding.

CORNELIUS G. W. COMEGYS *vs.* EVERSOL & BIGELOW.

Where statute requires a bond to be executed by two sureties, the presumption of law is that the first surety who signs the bond, does so on condition that the bond will be executed by a co-surety as the law provides, and his delivery of the bond will only be as an escrow upon such condition.

Cornelius G. W. Comegys *vs.* Eversol & Bigelow.

It is otherwise with the second surety; he executes the bond absolutely, and his delivery is intended to be a complete and absolute delivery. He is therefore bound by the bond though the first signature be forged or otherwise worthless.

Though the law requires two sureties to the bond in replevin, the provision is intended for the benefit of the defendant; and the plaintiff or his second surety, who has delivered the bond absolutely, can take no advantage of any defect in the first surety.

The facts, in this case, are sufficiently stated in the opinion and finding of the Court.

SPENCER, J.

This case came before the Court upon submission, and testimony was heard—upon which the Court find the following facts; That on the 15th April, 1846, William Stitt, as agent for one Joseph C. Rich, caused a writ of replevin to be sued out of the Common Pleas against the plaintiff and William Comegys, upon which a certain canal boat was seized, and delivered to the then plaintiff; and at the same time, a replevin bond, in the sum of $650, double the value of the boat, was drawn up in the name of Stitt, as agent for Rich and the two defendants, Eversol and Bigelow, the latter being sureties. The bond was signed by Stitt, as agent for Rich, and by him taken to Bigelow for his signature. When shown to Bigelow, it appeared to be signed by the other defendant Eversol. Upon enquiry, Bigelow was told that Eversol was worth $6000, and was a safe man.. On the faith of this information, and that Eversol had signed the bond, Bigelow attached his name thereto; and in this condition the bond was delivered. It appears now, that the signature of Eversol was a *forgery;* that he in no wise authorized the same, nor has since assented thereto; nor did he deliver the bond. The replevin suit was duly prosecuted, and judgment obtained by the present plaintiff for the sum

4

of $       , on which judgment an execution has issued and been returned unsatisfied.

The claim against Eversol has been abandoned; and the only question we are called upon to decide, is, whether under the circumstances, Bigelow is liable upon the bond.

There is no doubt, that had not the name of Eversol been attached to this bond, Bigelow could not be held upon it. The bond, it is to be observed, is statutory— purporting to be given in pursuance of the act allowing and regulating writs of replevin. That act requires, that the bond in such cases shall be signed by two resident freeholders, as sureties. Whenever, therefore, such a bond is presented to a surety for his signature, purporting to bind another as well as himself, he has a right to suppose that the same will be executed by the other, as well as himself. And in the absence of proof to the contrary, it will be presumed in law, that he did not intend to deliver the same, as his deed, to become operative as such, until the signature of the other party should be procured. In such a case, the delivery is *conditional*, and the instrument will be but an *escrow*, until the condition be performed. 4 *Watts* 21; 6 *Georgia*; 11 *Peters* 86; 11 *Verm.* 449.

The same result would probably have followed, had the bond been signed by Bigelow, upon condition that it should be afterwards signed by Eversol, and the signature of the latter been subsequently forged. The principle upon which these cases proceed is, that there is no delivery of the bond, and so, no bond at all, until the condition is complied with.

But such is not the situation of the present case. Here, the instrument purported to be signed by all the

parties to be bound thereby. It was delivered *absolutely* by the defendant Bigelow, *as his act and deed;* without condition; not in any sense as an *escrow*—and he intended to be bound thereby, the *moment* it was executed by him. The time of putting his signature thereto, and thereby giving it the character of a *complete* instrument in law, was the proper occasion for him to be assured that his co-obligor was in truth bound. Then it was he should have known whether the signature of his co-obligor was genuine—whether his co-obligor was *competent in law* to execute the instrument, or was responsible in fact if he had so signed it. His failure to be informed on these points was no fault of the obligees. If a *fraud* then was practised upon the defendant, it was one to which the present plaintiff was *no party*, and one which the defendant might have avoided; and if he suffer thereby, the burden should be his also. If this bond be held void, because of the alleged fraud practised upon Bigelow by the forgery of his co-obligor's name upon it, it would not be the less void for the same reason, had his co-obligor been an infant, a feme covert, or insane, or perhaps, not a freeholder, resident of the county. Nay, more, had Eversol in fact signed this bond, and proved to be insolvent, instead of being worth, as represented, some $6000, the fraud and wrong to Bigelow would not have been less fatal than it now is. To throw all the responsibility of such defects upon the innocent obligee of the bond, who had no agency whatever in its inception, nor in its execution, would put an end to all safety in the receipt of such instruments, and shamefully jeopardize the rights of those who are compelled *unwillingly* to part with their property, and take in its stead the bond of strangers.

We are not prepared to adopt a rule so manifestly unjust, and pregnant with evil; but prefer to hold that the defendant Bigelow, who has signed this instrument, *and delivered it as his own*, and thereby been the means of depriving the plaintiff of his property, shall be liable for the act, and responsible for its consequences.

But it is claimed that inasmuch as the statute requires a bond of this description to be executed by two sureties, and as this has been executed by *one only*, it is for that reason void. We do not so understand the law. The provisions of the statute are in this respect directory to the officer. He is required not only to take a bond with two sureties, but they must also be *freeholders* and residents of the county. These provisions are intended for the better security of the defendant in the action. If he is *content*, or chooses to forego any of the benefits secured to him by the law, it is no cause of complaint on the part of him or them who executed the bond, that he has not got the full measure of the security to which he was entitled. It seems to us it would be a strange defence to make to this bond, that the defendant, or his co-obligor, was not a freeholder, or resident of the county. The point under consideration was expressly decided in accordance with our views in the case of Sharp *vs.* U. S. 4 *Watts* 21—which was upon a bond with but one surety, taken in pursuance of an act of Congress requiring " *two or more.*"

Judgment therefore will be for the plaintiff against Bigelow.