NATHANIEL S. HOWE, Judge of Probate, *vs.* JAMES C. PEABODY
Administrator, & others.

A probate bond, executed by a principal and two sureties, was altered by the judge of
probate, with the consent of the principal, but without the knowledge of the sureties, by
increasing the penal sum, and was then executed by two additional sureties, who did
not know of the alteration, and was approved by the judge of probate. *Held*, that the
bond was binding upon the principal, but not upon any of the sureties.

ACTION OF CONTRACT on a probate bond, executed by the de-
fendant Peabody, as administrator of the estate of James Pea-
body, as principal, and the other defendants, Durant, Balch,
Goodhue and Whipple, as sureties.

The case was submitted to the court upon the following state-
ment of facts: James C. Peabody, on his appointment as ad-
ministrator, offered to the judge of probate a bond in the penal
sum of $4,000, previously executed by himself as principal, and
by Durant and Balch as sureties; this bond was objected to by
the creditors of the estate of James Peabody as insufficient in
amount, and as to the responsibility of the sureties; the judge
thereupon, with his own hand, altered the penal sum in the bond
to the sum of $5,000, and directed the principal to obtain two
additional sureties; and he thereupon procured Goodhue and
Whipple to execute the bond as sureties; and the bond was
afterwards on the same day approved by the judge of probate;
all of which will appear on inspection of the bond. The alter-
ations in the bond were made without the knowledge or con-
sent of Durant and Balch; and Goodhue and Whipple, when
they executed the bond, did not know that the bond had been
so altered. Such of the defendants as are liable are to be de-
faulted, and judgment is to be entered for those who are not
liable.

*S. C. Bancroft*, for the plaintiff. An alteration by a stranger
in a material part will not avoid a bond, provided the contents
can be proved. Hurlstone on Bonds, 120. The judge of pro-
bate, though nominally the obligee in a probate bond, is a stran-
ger in interest; and an alteration by him, acting in a public

judicial capacity, with the consent of the principal, should not discharge the first two sureties; but they must be held liable in the original sum of $4,000. The two other sureties then have no cause of complaint; and are held to the amount of $5,000, being the sum named in the bond when they signed it. The liability of the principal obligor to the full amount of $5,000 is not disputed.

*J. B. Peabody*, for the defendants.

METCALF, J. The material alteration made in the bond, by the plaintiff, after the first two sureties had executed it, and without their consent or knowledge, rendered it void as to them. Com. Dig. Fait, F. 1.

As the last two sureties, who executed the bond after it was altered, had no notice of the alteration, but supposed that they were to be co-sureties with the first two, and therefore executed it under a false belief as to the extent of the liability to which it might ultimately subject them, it is void as to them also. They never intentionally undertook to be the only sureties of the administrator, and to bear the whole loss to which the sureties might be subjected. *Sharp* v. *United States*, 4 Watts, 21. *King* v. *Smith*, 2 Leigh, 157. *Wood* v. *Washburn*, 2 Pick. 24.

The facts show that Peabody, the principal obligor, consented to the alteration of the bond, after he executed it. He is therefore liable for a breach of its conditions. *Smith* v. *Crooker*, 5 Mass. 539. *Speake* v. *United States*, 9 Cranch, 37. *Camden Bank* v. *Hall*, 2 Green's (N. J.) Rep. 583. The extent of his ultimate liability is not affected by the bond's being void as against the sureties.

According to the agreement of the parties, the principal obligor is to be defaulted, and the other defendants are to have judgment for their costs.