## WILSON *v.* RALPH AND VAN SHAICK.

The indorser of a promissory note not negotiable, is liable to a suit by the holder thereof, without demand upon the maker, and notice of non-payment.

Section three of the act entitled "An act relating to evidence," approved January 24, 1853, has not changed the rule on this subject.

### *Appeal from the Linn District Court.*

THE appellants, Ralph and Van Shaick, executed their promissory note to Wilson and Neely, for the sum of $220; who assigned the same to the plaintiff. The note not being paid at maturity, Wilson brought suit upon it against the makers and indorsers. The note was payable to Ralph and Van Shaick, without words of negotiability. The petition does not allege any demand by the plaintiff, upon the makers of the note, nor any notice to assignors of its non-payment. The defendants, Wilson and Neely, demurred to the petition, and allege as ground of demurrer, that the petition does not show that the note sued on, was ever presented for payment to the makers, nor that payment was refused by them. The court overruled the demurrer, and the defendants failing to answer further, judgment for plaintiff was rendered, to which defendants excepted, and appeal to this court.

*George D. Woodin,* for the appellants.

*I. M. Preston,* for the appellee.

STOCKTON, J.—The only question raised by the defendants in this cause is, whether the indorser of a promissory note not negotiable, is liable to a suit by the holder, without demand upon the makers, and notice of the non-payment?

The same question has been decided in New York, by the Supreme Court of that state, in the case of *Seymour* v. *Van Slick*, 8 Wendell, 421. It was there held, that the indorsement is equivalent to the making of a new note; it is a guaranty that the note will be paid; it is a direct and positive undertaking on the part of the indorsers, to pay the note to the indorsee; and not a conditional one to pay if the maker does not, upon demand, after due notice. The court further say, that the indorser in such a case, is not entitled to the usual privilege of an indorser of negotiable paper. He stands in the relation of principal, and not surety to his indorsee, and has no right to insist upon a previous demand of the maker, and notice of non-payment.

Under the Code of Iowa, (§ 949,) a non-negotiable note may be assigned, and the assignee has a right of action thereon, against the maker in his own name. Yet by section 956, the assignor of such a note, is liable to the action of his assignee, without notice of non-payment. Has the statute, in dispensing with this notice, excused the holder also, from the necessity of a demand of payment of the makers? In Parsons on Contracts, 232, it is said, "when a demand is requisite, a waiver of demand should operate as a waiver of notice; for if demand of payment is not made, because unnecessary, a notice can hardly be necessary or useful. But a waiver of notice alone, is not a waiver of demand, for though the party waiving, may not wish for a notice of the non-payment, he may still claim that payment should be demanded." 1 Parsons on Contracts, 232. This must be taken, however, to apply to negotiable paper, where a demand is necessary upon the maker or acceptor, and where the contract on the part of the indorser, is that the maker of the note will, upon due presentment, pay it at maturity; and that if it be not paid by the maker, that he, the indorser, will upon due and reasona-

ble notice of the dishonor, pay the same to the holder. Story on Promissory Notes, § 135.

In a note not negotiable, it will be seen, as stated above, that the undertaking of the indorser is entirely different. He has no right to insist upon a previous demand upon the maker. The holder may write an absolute guaranty over his indorsement, upon which a recovery may be had against him. 12 Johnson, 159. He is liable to a suit by the holder without any demand.

Has this rule been changed by section 3 of the act of 1853 ? Session Acts, 188. By that act, grace is allowed on bills and notes executed or payable within the state, changing the law as it existed under the Code. Section 957. We do not, however, understand the section of the act referred to, as requiring notice of non-payment to be given by the holder of a promissory note, in any case where it was not before required by the rules and principles of the commercial law. According to the views which we have intimated above, as to the right of an indorser of a non-negotiable note, the indorser of such a paper was not before the passage of the act, entitled to notice of non-payment, and he is placed in no better condition by the act of 1853.

The judgment of the District Court will, therefore, be affirmed.

Judgment affirmed.