## HALL v. MONOHAN.

In an action by the indorser against the indorsee of a promissory note not negotiable, it is not necessary for the plaintiff to show diligence

Hall v. Monohan.

against the maker; and the want of such diligence constitutes no defence to the action.

In such cases, the indorser stands in the relation of a principal, and not surety to his indorsee, and has no right to insist upon a previous demand of the maker, and notice of non-payment.

*Appeal from the Polk District Court.*

THURSDAY, JUNE 17.

One Pierce made to Monohan the following note:

$41.91.                     COON HILL, January 14, 1855.
      Due John Monohan, the sum of forty-one dollars and ninety one cents, which I promise to pay in one day."

On the back of this note was the following:

"I sign the within note, for value received, over to Edwin Hall, this second day of February, 1855.

                              JOHN MONOHAN."

Hall sued Monohan as indorser, averring that he had prosecuted Pierce to insolvency, having instituted suit against him, and recovered judgment on the 12th of April, 1855, and issued execution thereon, which was returned, "no property found," on the 9th of July of the same year. Defendant answered, denying all of the allegations contained in plaintiff's petition. On the trial, all the instructions asked by plaintiff were given, and those asked by defendant refused; and the giving and refusing of these several instructions, are now assigned for error. Defendant appeals. The instructions are set out in the opinion of the court.

*Brown & Ellwood*, for the appellant.

*J. E. Jewett* and *John A. Kasson*, for the appellee.

WRIGHT, C. J.—The principal question raised, and to be determined in this case, will be sufficiently understood,

by the two following instructions : the first of which was asked by plaintiff and given, and the second, asked by defendant, refused : *First.* "That upon such a note, it is not necessary for the plaintiff to prove diligence (against the maker,) and the want of diligence is no defence to the plaintiff's right to recover." *Second.* "That this note having been assigned after due, and the defendant having been sued as indorser thereon, he cannot be made liable, without proof of demand of maker, and notice to indorser." The case of *Wilson* v. *Ralph & Van Shaick*, 3 Iowa, 450, determines this. That was an action against the maker and indorser of a promissory note, which (like the note in this case), contained no words of negotiability. It was there held, (following the case of *Seymour* v. *Van Slick*, 8 Wend., 421,) that the indorsement is equivalent to the making of a new note—it is a guaranty that the note will be paid— it is a direct and positive undertaking on the part of the indorser, to pay the note to the indorsee, and not a conditional one to pay, if the maker does not, upon demand, after due notice. In such case, the indorser is not entitled to the usual privilege of an indorser of negotiable paper. He stands in the relation of a principal, and not surety, to his indorser, and has no right to insist upon a previous demand of the maker, and notice of non-payment. And, see *Smyser* v. *Hawthorn and Long*, 3 Ib. 266.

Appellant urges that the action is brought against defendant as indorser, and not as the assignor of the note, and that, therefore, the instructions were improper. When we state, however, that this action was commenced before a justice of the peace, the objection, (if entitled to weight or consideration under any circumstances), loses all force. The plaintiff, before the justice, filed the note, and claimed that the defendant was legally liable to him by virtue of the indorsement thereon. No written petition was filed, nor was any necessary. And in accordance with the rule which has been uniformly applied to proceedings before these inferior tribunals, we think the objection is wanting in both technical and substantial weight or force. The

true question was, and is, whether defendant should be held liable, by virtue of the writing by him signed, on the back of the note, without proof of diligence against the maker, demand and due notice, and it is entirely immaterial whether he is styled the indorser or assignor.

The fact that the note was assigned after due, can in no manner aid defendant.

Judgment affirmed.