CITY & COUNTY OF SACRAMENTO *v.* DUNLAP *et al.*

No recovery can be had on a bond purporting to be the joint bond of the principal and sureties, but signed by the latter only.

The presumption is, that each signed upon the understanding that the others, named as obligors, would also sign.

Otherwise, as to undertakings under our system. They are original and independent contracts on the part of the sureties, and do not require the signature of the principal.

Otherwise, also, as to joint and several bonds. There, each signer is bound, without the signatures of the others named as obligors, unless at the time of executing the bond he declared he would not be bound without such signatures were obtained.

APPEAL from the Sixth District.

Suit upon the official bond of Dunlap, as Recorder of the city of Sacramento, to recover moneys alleged to have been received by him as such Recorder for fines and costs in the criminal cases which he tried. The suit is against Dunlap, as principal, and Gass and Tucker, as sureties. The complaint avers that Dunlap delivered the bond to the city authorities, as his official bond, though he did not sign it. The record does not show service upon any of the defendants. But Dunlap and Gass appeared and filed separate demurrers, on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action. The case was submitted to the Court on the demurrers, which were overruled, and final judgment rendered against Dunlap and Gass, from which they appeal.

*P. L. Edwards,* for Appellant.

1. The bond is not in the statutory form. It is not executed by the principal, and is without the condition required in all official bonds, to wit: the liability of the sureties under any law to be subsequently enacted. (Act concerning Official Bonds, Sec. 8; *Crawford* v. *Meredith & Bond,* 6 Ga. 552; *Riley* v. *Johnson,* 10 Id. 414; *Johnson* v. *Erskine,* 9 Texas, 1.)

2. The charter requires the Recorder to give bond, with sureties, to be approved by the Mayor and Council. (Charter and Ordinances, Sec. 27, p. 15.)

3. The Recorder has not given any bond. His name is inserted in the body as principal, but he has neither signed or sealed it. It must be presumed that the sureties signed and sealed

upon the condition that the principal should do the like before it would become their deed. (*Bean* v. *Parker*, 17 Mass. 591; *Wood* v. *Washburn*, 2 Pick. 24; *Sharp* v. *United States*, 4 Watts, 21; *Fletcher* v. *Austin*, 11 Vt. 447; *Johnson* v. *Erskine*, 9 Tex. 1.)

4. There are cases in which the bond has been held good without the signing and sealing of a part of those mentioned in the body as obligors, but these were cases in which the delivery was by the sureties to the obligor as their bond.

5. It is admitted that upon the facts alleged in the complaint the principal is liable, but he is not liable on this bond, for it is not his bond.

*Hereford & Long*, for Respondent.

1. The ordinance did not require the principal to sign it. (Ordinance No. 38, Sec. 2.)

2. The principal not having signed the bond, is no defense for the sureties. (2 Hill, 584; 16 Maine, 140; *Dore* v. *Covey*, 13 Cal.; 5 Greenl. 337; 10 Mass. 442; 4 Cranch, 219—221; 4 Shep. 140; 7 Cow. 484; 10 Ohio, 445.)

3. The sureties having signed the bond before their principal, it is a fair presumption that they did not require or expect him to sign it. By delivering the bond to their principal, they enabled him to practice a fraud upon the obligee, and cannot be relieved.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The defendant, Dunlap, was elected Recorder of the city of Sacramento, for one year, from April 10th, 1857, and, by an ordinance of the city, was required, before entering upon the discharge of his official duties, to give a bond with two or more sureties for their faithful performance. The instrument upon· which this suit was brought was filed and approved as such bond. It purports to be the joint bond of Dunlap, as principal, and of Gass and Tucker, as sureties, but is only signed by the sureties. It bears neither the signature or seal of Dunlap, and the question for determination is whether the intended principal, or the sureties, are bound by it. We are clearly of opinion that they are not. As Dunlap has never put his signature to it, the

City of Sacramento *v.* Dunlap.

instrument is not his deed. If liable for the fees alleged to have been collected, and to belong to the plaintiffs, it must be on grounds independent of the supposed bond and as any one is liable for moneys received which are the property of others. The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. It purports on its face to be the bond of the three. Some one must have written his signature first, but it is to be presumed, upon the understanding, that the others named as obligors, would add theirs. Not having done so, it was incomplete and without binding obligation upon either. (See *Bean* v. *Parker et al.* 17 Mass. 591; *Wood* v. *Washburn,* 2 Pick. 24; *Sharp* v. *United States,* 4 Watts, 21; *Fletcher* v. *Austin,* 11 Vt. 447; *Johnson* v. *Erskine,* 9 Texas, 1.)

In the case of *Bean* v. *Parker et al.* it was held that the sureties on a bail-bond were not liable unless the same was signed by the principal. " We think it essential to a bail-bond," said the Supreme Court of Massachusetts, " that the party arrested should be a principal; it is recited that he is; and the instrument is incomplete and void without his signature. The remedy of the sureties against the principal would wholly fail, or be much embarrassed, if such an instrument as this should be held binding." In *Wood* v. *Washburn et al.* where an administration bond was not executed by the Administratrix, it was held by the same Court, that the sureties were not liable.

There is no substantial difference between the bonds in the cases cited and the bond in suit. There is no analogy between them and undertakings required of sureties, by statute, in our civil and criminal practice. In the latter case, the undertaking is an original and independent contract on the part of the sureties, to which the signature of the principal is not essential. (*Curtis* v. *Richards et al.* 10 Cal. 38.) The instrument, in this case is, in form, a joint bond only, and not joint and several, and, in this respect, differs materially from the bonds in the cases of *Parker* v. *Bradley et al.* 2 Hill, 584; *Cutter* v. *Whitmore,* 10 Mass. 442, and *The State of Ohio* v. *Bowman et al.* 10 Ohio, 445, cited by the Respondents. The sureties may have been willing

to bind themselves jointly with Dunlap, and still unwilling to make themselves alone responsible, as upon an independent contract with the city; at any rate they only undertook to bind themselves jointly with him, and we cannot change the nature of their contract, by holding them liable, without his signature.

There are numerous authorities to the effect that the signer of a bond cannot deny its binding obligation, even where it appears upon its face to be drawn for the signature of others, and they are not annexed, unless he declared at the time that he would not be bound without such signatures were obtained. Such is the case of *Cutter* v. *Whittemore*, (10 Mass. 444.) They all, however, refer to joint and several bonds. In such instruments, each obligor is separately bound, and there is reason in the doctrine. If he would limit his liability, he must impose conditions upon the delivery of the instrument at the time of its execution. The doctrine can have no application to bonds which are joint only, and not several. (See, also, *Fletcher* v. *Austin et al.* 11 Vt. 449; *Sharp* v. *United States*, 4 Watts, 26.) From the views we have expressed, it follows, that the plaintiffs cannot recover upon the bond, and the judgment must in consequence be reversed.

Ordered accordingly.