### JONES v. WILSON AND DUNHAM.

1. SURETY. The holder of a promissory note may recover against the maker thereof and a surety who signed the same after maturity in one action; the liability of the surety being absolute—as a principal— and not conditional.

*Appeal from Louisa District Court.*

SATURDAY' OCTOBER 6.

SUIT upon a note made payable by Wilson and Durham to one Burris and by him assigned to plaintiff. The note was made in July, 1857, due twelve months after date. Upon the trial before a jury, it appeared that Dunham signed the note as surety for Wilson in February, 1859. Counsel for Dunham therefore claimed that as he signed the note after its maturity, his undertaking was collateral, that he stood in the relation of guarantor, and that plaintiff could not recover against him in this action. This view was sustained by the court, and the action dismissed as to said defendant, from which order plaintiff appeals.

*Phelps & Robertson* for the appellants relied upon section 1681, Code of 1851.

*J. Tracy* and *C. B. Harrington* for the appellees.

WRIGHT, J.—Under the Code, section 1681, and the construction given to it by this court, we think this action was properly brought against Dunham. *Peddicord & Wyman* v. *Whittam et al* 9 Iowa 471[1].

Judgment reversed.

---

[1]. See also *Hall* v. *Monohan* 6 Iowa 216; *Long* v. *Smyser & Hawthorne* Ib. 266.