## THE PEOPLE v. HARTLEY.

A BOND in the following form: Know all men that we, A, as principal, and B, C, and D, as sureties, are bound unto the people in the several sums affixed to our names, viz.: B in the sum of ten thousand dollars; C in the sum of five thousand dollars; D in the sum of three thousand dollars, etc., etc.—"for the which payment well and truly to be made we severally bind ourselves, our heirs," etc.—and signed and sealed by the obligors, is held to be an instrument embracing several distinct obligations, each of which is a joint obligation of the principal and one surety, and not joint and several.

A bond, which in form is the joint obligation of a principal and his sureties, and not joint and several, and signed by the sureties but not by the principal, is invalid and not binding upon the sureties.

City of Sacramento v. Dunlap (14 Cal. 423) affirmed on this point.

The absence of the signature of the principal obligor to an official bond is not a defect which may be cured by its suggestion in a complaint under the eleventh section of the Act concerning Official Bonds.

APPEAL from the Sixth Judicial District.

This is an action brought by the District Attorney of Yolo County on behalf of the People against H. H. Hartley, one of the sureties upon the official bond of W. N. Brooks, the former Treasurer of said county. The complaint sets forth the bond, and charges that Brooks, as Treasurer, was a defaulter in the sum of $7,000, for which defendant is liable as surety. The complaint also suggests several "defects" in the bond, and among them the failure of Brooks to sign it, with a view to obviate their effect under the provisions of section eleven of the act entitled "An Act concerning Official Bonds," approved February 9th, 1850.

The following is a copy of the bond:

"Know all men by these presents that we, William N. Brooks, as principal, and H. H. Hartley, Wm. Green, O. V. Chapman, M. Bryte, G. W. Hunt, as sureties, are held and firmly bound unto the People of the State of California in the several sums as hereinafter specified and affixed to our names, viz.: Henry H. Hartley in the penal sum of ten thousand dollars; Wm. Green in the penal sum of five thousand dollars; O. V. Chapman in the penal sum of three thousand dollars; J. V. Hoag in the penal sum of three thousand dollars; W. G. Hunt in the penal sum of five thousand dollars; William Gordon in the penal sum of five thousand dollars; ———

38

in the penal sum of —— thousand dollars; ——— in the penal sum of —— thousand dollars, for the which payment, well and truly to be made, we severally bind ourselves, our heirs, executors, administrators, and assigns firmly by these presents. Sealed with our seals and dated this twentieth day of September, 1859.

"Whereas, at the general election, held in the county of Yolo, in September, 1859, the above bounden William N. Brooks was duly elected County Treasurer in and for the county of Yolo : Now if the said William N. Brooks shall well and faithfully discharge according to law the duties of said office of Treasurer, then this obligation to be null and void, else to remain in full force and virtue in law.

| " —— ——, | [L.S.] |
| " HENRY H. HARTLEY, | [L.S.] |
| " WM. GREEN, | [L.S.] |
| " O. V. CHAPMAN, | [L.S.] |
| " J. V. HOAG, | [L.S.] |
| " MIKE BRYTE, | [L.S.] |
| " W. G. HUNT, | [L.S.] |
| " WM. GORDON, | [L.S.] |
| " —— ——, | [L.S.] " |

Indorsed with certificates of the justification of the sureties, the approval of the County Judge, and of record in the office of the County Clerk.

The following is the eleventh section of the act entitled "An Act concerning Official Bonds," approved February 9th, 1850, to which the opinion refers :

" SEC. 11. Whenever any such official bond shall not contain the substantial matter, or condition or conditions required by law, or there shall be any defects in the approval or filing thereof, such bond shall not be void so as to discharge such officer and his sureties, but they shall be equitably bound to the State or party interested, and the State or such party may, by action instituted as other suits on official bonds, in any Court of competent jurisdiction, suggest the defect of such bond or such approval or filing, and recover his proper and equitable demand or damages from such officer and the person or persons who intended to become and were included as sureties in such bond."

The defendant demurred to the complaint, and the demurrer was overruled, and no answer being made, plaintiff had judgment for the amount claimed, from which defendant appeals.

*H. O. Beatty* and *J. B. Harmon*, for Appellant.

The bond sued on is joint, so far as regards the principal and each of the sureties. In our view it is equivalent to seven distinct undertakings, all in one instrument. Brooks and Hartley undertake for $10,000; Brooks and Green for $5,000; Brooks and Chapman for $3,000, and so on. The obligation of Brooks with each of the sureties was joint only, and not joint and several. It is evident Brooks intended to bind himself with each of the sureties separately. It is equally evident that each surety intended to bind himself for a specific amount, without any connection with his co-sureties as to that particular amount, except so far as he might claim or be liable for contribution in case of loss. Every contract signed by two or more promising to pay the same sum of money is joint, unless there be special words making it several, or joint and several. " We promise to pay " is just as much a joint promise as " we jointly promise to pay." This was the obligation of Brooks, as principal, and Hartley, as surety, to pay $10,000 in certain contingencies. There are no words of severalty applied to their promise. The words of severalty used are in regard to the distinct sums for which the sureties bind themselves.

This Court in the case of the *People* v. *Edwards* (9 Cal. 286) construe a similar instrument as we do this. If the obligation is joint, it is admitted to be within the decision in *Sacramento* v. *Dunlap*, (14 Cal. 423) and therefore void. But if it be construed as a joint and several bond, we contend that it is still within the decision in that case. And whether announced in that case or not, the law undoubtedly is that the failure of the principal to sign a joint and several bond makes it invalid as to the surety who does sign. (*Bean* v. *Barker*, 17 Mass.; *Sharp* v. *United States*, 4 Watt. 21; 21 Pick. 24; 16 Maine, 140.)

The eleventh section of the Act concerning Official Bonds has reference only to defects in form, and not to a defect like this which makes the bond a nullity.

*E. B. Crocker*, for Respondent.

The bond in the case of *Sacramento* v. *Dunlap*, as the Court there say, was "in form a joint bond only, and not joint and several," and the case was decided solely upon this distinction, the Court clearly holding that if the bond had been joint and several or several, the rule would have been different.

The simple question then to determine, is, whether this is a several or joint and several bond, for if it is either, then the defendant is bound, whether the principal signed it or not. Our position is, that it is a several bond by its terms. It commences by saying we are held and firmly bound in the "several sums as hereinafter specified and affixed to our names." Here is a clear expression of an intention not to be jointly but only severally bound.

It further states, "for the which payment, well and truly to be made, we severally bind ourselves, our heirs," etc. This is the portion of the bond in which the extent of liability, whether joint or joint and several, is usually expressed; and here the parties are careful to express their intention to be only severally bound. The word joint is not used in the whole instrument, but in all cases where the extent and nature of the liability is stated, the word several alone is used.

It will not do to say that it is a joint bond as between the principal and each of the sureties, and several as between the sureties, for the word "several" in both instances qualifies the liability of each and all of the parties named in the instrument; whenever used it applies as clearly to Brooks as to any of the others.

That in a several or joint and several bond, the parties executing it are bound, though all the persons named in the bond do not execute it, see *Sacramento* v. *Dunlap* (14 Cal. 421); *Cutter* v. *Whittemore* (10 Mass. 444); *Parker* v. *Bradley* (2 Hill, 586); *Adams* v. *Bean* (12 Mass. 139); *State* v. *Bowman* (10 Ohio, 445).

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The bond executed by Hartley and others embraces several distinct obligations. The principal and each of the sureties bind themselves in certain sums designated; and as we read the instru-

ment, not jointly and severally, but only jointly. The term "severally," as used in the instrument, applies only to the different sums which the parties respectively specify as the limit of the liability they assume. Being a joint bond, the signature of the principal was essential to its validity and binding force upon the sureties. As we said of the bond in the case of the *City of Sacramento* v. *Dunlap*, (14 Cal. 423) so we may say of this: "The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. * * Some one must have written his signature first; but it is to be presumed upon the understanding that the others named as obligors would add theirs. Not having done so, it was incomplete and without binding obligation upon either." (See *Bean* v. *Parker et al.*, 17 Mass. 591 ; *Wood* v. *Washburn*, 2 Pick. 24 ; *Sharp* v. *United States*, 4 Watts, 21 ; *Fletcher* v. *Austin*, 11 Vt. 447 ; *Johnson* v. *Erskine*, 9 Texas, 1.)

The defects in official bonds, which may be cured upon their suggestion in a complaint, do not embrace the absence of the signature of the principal obligor. Without his signature the instrument is not his deed. There is no bond of his in which defects can be suggested and cured.

These considerations dispose of the case, and render it unnecessary to notice any of the other points discussed by counsel.

The judgment must be reversed and the Court below directed to enter judgment for the defendant upon the demurrer to the complaint; and it is so ordered.