### COMMERCIAL NATIONAL BANK *vs.* JOHN GORHAM.

In debt on a writing obligatory, as follows: "Know all men by these presents that we, William J. Clark, of the city of Providence, R. I., as principal, and A. E. Burnside, Eben A. Kelly, and John Gorham, as sureties, are held and firmly bound unto the President, Directors, and Company of the Commercial National Bank of the city of Providence, R. I., in the sum of ten thousand dollars: that is to say, the said William J. Clark in the whole of said sum above named; and the said A. E. Burnside, Eben A. Kelly, and John Gorham, each as surety respectively, in the sum of thirty-three hundred and thirty-three and $\frac{83}{100}$ dollars, to be paid to them the said Commercial National Bank, their attorney, successors, or assigns, for which payment well and truly to be made, we do hereby bind ourselves, our heirs, executors, and administrators firmly by these presents ": —

*Held*, that the obligation was several, Clark being bound in one whole sum of $10,000; and Burnside, Kelly, and Gorham being each bound in the sum of $3,333⅓.

What particularity and certainty are required by Rhode Island practice in setting forth the breaches of a bond conditioned on the faithful, &c., performance of duty.

DEBT on bond.  On demurrers to pleas in abatement and of general performance.

The declaration in this case, after describing the bond in ques-tion as conditioned upon the performance of duty honestly and in good faith, continues : —

" The plaintiff avers that said Clark was at the time of the execution of said writing obligatory as aforesaid, and from thence for a long time thereafter, to wit, until the ———— day of ————, 18—, remained and continued in the employment of said plaintiff bank as a clerk, but did not honestly and in good faith perform the duties and services in the said bank, from time to time, reasonably and lawfully required of him by the officers of said bank, and did not honestly and in good faith fulfil the trusts that were properly, by said bank officers, reposed in him, but on the contrary thereof the plaintiff avers :

" That said Clark, during the time that he continued in the employment of said bank as clerk as aforesaid, to wit, on the ———— day of ————, 18—, and on divers other days and times between that day and the date of the plaintiff's writ, took and embezzled and converted to his own use certain property and moneys to said bank belonging, or in its custody and care deposited and being, and for which it was responsible to account, which came to his hands as such clerk, to wit, certain bonds, securities, and sums of money, in all to a large amount and value, to wit, to the amount or value of twenty-five thousand dollars, and has not in any manner accounted for or repaid the same to said bank, but therein has wholly made default."

The bond is described in the opinion of the court.

*Tillinghast & Ely*, in support of the demurrers.

I. As to the demurrer to the plea in abatement. It is submitted that the bond set out in the declaration is several and not joint. See *Baldwin* v. *Standish*, 7 Cush. 207 ; see *People* v. *Love*, 25 Cal. 520 ; *People* v. *Edwards*, 9 Cal. 286 ; *Knisely* v. *Shenberger*, 7 Watts, 193 ; *Leith* v. *Bush*, 61 Pa. St. 395 ; 1 Parsons Notes & Bills, 251.

II. As to the demurrer to the second plea in bar, the plea of general performance. The breaches of the bond being sufficiently set out in the declaration : *President, &c. of American Bank* v. *Adams*, 12 Pick. 303 ; *Morris Canal & Banking Co.* v. *Van Vorst*, 23 N. J. Law, 98, and cases cited ; *Postmaster General* v. *Cochran*, 2 Johns. Rep. 416, the plea is bad. The defendant must answer the breaches. *Postmaster General* v. *Cochran*, 2 Johns. Rep. 416 ; *Bradley* v. *Osterhoudt*, 13 Johns. Rep. 404 ;

*Tait* v. *Parkman et al.* 15 Ala. 253; *People* v. *McHatton*, 7 Ill. 731; *Lloyd* v. *Burgess*, 4 Gill (Md.), 187.

*Charles Hart & Charles P. Robinson, contra.* This suit should abate. Because the bond upon which the plaintiffs declare is joint and not several. *People* v. *Hartley*, 21 Cal. 585.

The defendant's second plea to the merits is good. It was intended to compel the plaintiff to set forth some specific branch in his declaration, which he has not done. The plaintiff has vaguely, loosely, and generally set forth that Clark took *some* bonds. What bonds, whose bonds, how numbered, &c. ? What securities, what moneys ?

It is well settled that when the conditions in a bond are all in the affirmative, a plea of general performance is good. Stephens on Pleading, 9th edit. p. 336.

*July* 17, 1875. DURFEE, C. J. This is an action against the defendant, as one of three sureties on a bond, the obligatory part of which is as follows, namely : —

"Know all men by these presents that we, William J. Clark, of the city of Providence, R. I., as principal, and A. E. Burnside, Eben A. Kelly, and John Gorham, as sureties, are held and firmly bound unto the President, Directors, and Company of the Commercial National Bank of the city of Providence, R. I., in the sum of ten thousand dollars : that is to say, the said William J. Clark in the whole of said sum above named ; and the said A. E. Burnside, Eben A. Kelly, and John Gorham, each as surety respectively, in the sum of thirty-three hundred and thirty-three and $\frac{33}{100}$ dollars, to be paid to them the said Commercial National Bank, their attorney, successors, or assigns, for which payment well and truly to be made, we do hereby bind ourselves, our heirs, executors, and administrators firmly by these presents."

The defendant pleads in abatement of the action that he is not liable severally but only jointly with Clark. The plaintiff demurs. The question submitted to us is whether the obligation of the defendant is several.

The obligation would be joint without doubt but for the explanatory clause. That clause, in our opinion, not only limits but likewise severs the liability. It declares that Clark is bound in the whole sum of $10,000 ; meaning, as we construe the words,

that he is severally bound in that sum; and it also declares that Burnside, Kelly, and Gorham are bound, each as surety respectively, in the sum of $3,333.33, meaning, as we construe the words, that they are each bound for that sum the same as Clark is bound for the whole sum, the allegation of suretyship having no effect except to show reiteratively the relation under which they enter into the obligation.   The defendant concedes that Clark is severally bound, but he contends that each of the sureties is liable only conjointly with the principal, Clark.   In this view Clark obligates himself not only for $10,000 in a single sum, but also for $10,000 in three sums, each of the sureties being bound jointly with him for one of the three sums.   We cannot give the contract this construction without a resort to implications which we do not think should be made.

The defendant refers in support of his view to *The People* v. *Hartley*, 21 Cal. 585.   In that case the bond was in the following form: "Know all men that we, A., as principal, and B., C., and D. as sureties, are bound unto the People in the several sums affixed to our names, viz.: B., in the sum of ten thousand dollars; C., in the sum of five thousand dollars; D., in the sum of three thousand dollars, &c.; 'for the which payment well and truly to be made we severally bind ourselves, our heirs,'" &c.   The court held the bond to be an instrument embracing several distinct obligations, each of which was a joint obligation of the principal and one surety, and not joint and several.   The bond was unlike the bond in the case at bar.   The principal did not bind himself separately from the sureties for the entire amount of the bond, but bound himself with the sureties for the several sums affixed to their names.   Nor did the sureties characterize their obligations by adding the words, "*each as surety respectively.*"   We do not think the case should control the case at bar.   And see *Collins et al.* v. *Prosser et als.* 1 B. & C. 682.

The demurrer to the plea in abatement is sustained.

The plaintiff also demurs to a plea of general performance pleaded by the defendant.   The point raised under this demurrer is that the breaches alleged in the declaration are not set forth with sufficient certainty.   We think the breaches are sufficiently set forth considering the nature of the case.   Under our statute the allegations even in an indictment for embezzlement may be

made in a very general way. Gen. Stat. R. I. cap. 230, § 17. And see *Morris Canal, &c.* v. *Van Vorst*, 23 N. J. Law, 98.

The second demurrer is also sustained.

*Demurrers sustained.*