In the matter of the appeal of Daniel Cahill, adm'r.

*Replevin bond signed only by surety.*

A replevin bond containing the principal's name in the body of it but not signed by him, is nevertheless valid as against the surety if delivered by the latter with the intention that it shall be effective and binding without the principal's signature.

A replevin bond may be sufficient though signed by none but sureties where the statute under which it is given allows it to be signed by some one in behalf of the principal. Comp. L. § 6735.

Error to Kalamazoo. Submitted June 15. Decided June 21.

Appeal from the allowance of a claim against the estate of John H. Moss. The administrator brings error. Affirmed.

*H. C. Briggs* for appellant. A bond containing the principal's name, but not signed by him, is invalid: *Hall v. Parker* 37 Mich. 590: 39 Mich. 287; *Johnston v. Kimball Township* id. 187; *Green v. Kindy* 43 Mich. 279; *Wood v. Washburn* 2 Pick. 24; *Bean v. Parker* 17 Mass. 591; *Russell v. Annable* 109 Mass. 72; *Ahrend v. Odiorne* 125 Mass. 50; *Wells v. Dill* 1 Mart. (La.) N. S. 592.

*Fenn & Donaldson*, claimants, in person, with *Howard & Roos* for appellees. A bond may be valid as against such obligors as sign it, though some do not sign: *Cutter v. Whittemore* 10 Mass. 442; *Adams v. Bean* 12 Mass. 137; *Haskins v. Lombard* 16 Me. 140; *Parker v. Bradley* 2 Hill 584; *Scott v. Whipple* 5 Greenl. 336; a surety who executes a bond generally will be bound unless he declared that he would not be answerable if the other obligors did not sign: *Johnson v. Baker* 4 B. & Ald. 440; *Leaf v. Gibbs* 4 C. & P. 466; *Pawling v. United States* 4 Cr. 219; *Philippi Church v. Harbaugh* 64 Ind. 240; *Hughes v.*

*II. r lesty* 13 Bush 364; *Williamson v. Logan* 1 B. Mon. 237; *Belloni v. Freeborn* 63 N. Y. 383; a replevin bond is good if executed only by the sureties: *Ridge v. Wilson* 1 Blackf. 409; *Howe v. Handley* 28 Me. 241; sureties may agree to become liable on a bond which the principal has not signed: *Wild Cat Branch v. Ball* 45 Ind. 218; *Keyser v. Kean* 17 Penn. St. 327; *Grim v. School Directors* 51 Penn. St. 219; and a surety who has executed and delivered a bond in the obligee's presence without objection will be liable thereon: *Johnson v. Weatherwax* 9 Kan. 75; a replevin bond may be sufficient even though executed by one surety where the statute requires two for the benefit of the defendant: *Shaw v. Tobias* 3 Comst. 188; especially if the obligor has had advantage therefrom: *Decker v. Judson* 16 N. Y. 439.

CAMPBELL, J. The only question which needs consideration in this case is whether a surety on a replevin bond can be held liable where in the body of the bond a principal's name appears, and he does not sign it.

This case was put to the jury under instructions which practically held that the presumptions were against such a liability, but that if the surety delivered the bond with the intention that it should take effect without the principal's signature, and did not intend that such signature should be necessary to fix his own liability, then the bond should be effective and binding.

We think this was correct. There is no foundation suggested for any other rule unless on the theory that the plaintiff must always sign in person or by agent as principal in a replevin bond. This, in case of absence or for many other easily-suggested reasons, might defeat his remedy altogether. The statute allows the bond to be signed by " some one in his behalf." § 6735. This cannot mean an agent only, for then it would be the plaintiff's own bond, for the agent is his representative and the agent's act is his act. It cannot make any difference to the defendant what person signs the bond, if it is only signed by responsible parties. We

think that a bond signed by none but sureties is sufficient. Unless (which is not claimed) the bond would in all cases be void when some obligor named fails to sign it, the liability exists in this case.

The judgment must be affirmed with costs.

The other Justices concurred.