[No. 18235.   Department One.—January 25, 1894.]

JAMES C. WEIR ET AL., RESPONDENTS, v. MICHAEL H. MEAD, DEFENDANT, AND BENJ. PAULY ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—BOND OF EXECUTOR—SIGNATURE OF PRINCIPAL AND SURETIES—CONSTRUCTION OF CODE.—The plain meaning of section 1388 of the Code of Civil Procedure which provides that "every person to whom letters testamentary or of administration are directed to issue must, before receiving them, execute a bond to the state of California, with two or more sufficient sureties, to be approved by the superior court or a judge thereof," is, that the principal and sureties must sign the bond before letters can be issued.

ID.—JOINT OBLIGATION—SEVERAL OBLIGATION OF SURETIES—INTENTION OF SURETIES.—Where an executor's bond, instead of being in form the joint and several obligation of all the parties, as it should be, is the joint obligation of the principal and sureties, and the several obligation only of the sureties, the sureties signing it are not bound if it is not executed by the principal, in the absence of evidence that the sureties intended to be bound without requiring the principal's signature.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order denying a new trial.

The facts are stated in the opinion.

*Frank R. Wehe,* for Appellants.

The bond purports to be the joint bond of Mead as principal, and appellants and others as sureties, but not

having been executed by the principal, it is void. No recovery can be had on a bond purporting to be the joint bond of the principal and sureties, but signed by the latter only. (Murfree on Official Bonds, sec. 252; *Sacramento* v. *Dunlap*, 14 Cal. 421; *People* v. *Hartley*, 21 Cal. 585; *Bean* v. *Parker*, 17 Mass. 591; *Wood* v. *Washburn*, 2 Pick. 24; *Sharp* v. *United States*, 4 Watts, 21; 28 Am. Dec. 676; *Russell* v. *Annable*, 109 Mass. 72; *Hall* v. *Parker*, 37 Mich. 590; *Hall* v. *Parker*, 39 Mich. 287; *Johnston* v. *Kimball Tp.*, 39 Mich. 187; *Wells* v. *Dill*, 1 Mart., N. S., 592; *Bunn* v. *Jetmore*, 70 Mo. 228; *Board of Education* v. *Sweeney*, 1 S. Dak. 642; *Clements* v. *Cassilly*, 4 La. Ann. 380.)

*F. D. Soward*, for Respondents.

The parties defendant are clearly liable upon the bond. (*People* v. *Love*, 25 Cal. 522; *Mendocino County* v. *Morris*, 32 Cal. 148; *People* v. *Evans*, 29 Cal. 436; *People* v. *Mellos*, 59 Cal. 444; *People* v. *Stacy*, 74 Cal. 375; *Cavanaugh* v. *Casselman*, 88 Cal. 549; *Kurtz* v. *Forquer*, 94 Cal. 93.)

BELCHER, C.—Hiram G. Weir was a resident of Sierra county, and died in August, 1883, leaving a last will, by which he devised all his property to the respondents in this action, and in which he named the defendant Mead as the executor thereof. The will was duly admitted to probate by the superior court of Sierra county in October following, and letters testamentary were ordered to be issued to Mead, "upon giving bond required by law in the sum of six thousand and five hundred dollars." A bond was thereafter approved by the judge and filed by the clerk of the court, which recited: "That I, Michael H. Mead, as principal, am held and firmly bound unto the state of California in the sum of six thousand and five hundred dollars, lawful money of the United States of America, in which sum I am also jointly bound with each of my sureties hereinafter named. . . . . And we, Robert Forbes (and five others), as sureties, are severally held and firmly bound, and jointly with said

Michael H. Mead, are held and firmly bound unto the said state of California, in the following sums respectively . . . . for the payment of which, well and truly to be made, we, and each of us, respectively bind ourselves, our and each of our heirs, executors, and administrators, jointly and severally as aforesaid, firmly by these presents."

Then follow the conditions of the bond and the signatures of the six sureties.

Mead, the principal, never signed the bond, but on the day it was filed letters testamentary were issued to him by the clerk, and there was indorsed thereon the usual oath for the faithful performance of his duties. Thereupon he took possession of all the property of the estate of the decedent, and thereafter continued to act as executor of the said will until June 9, 1890, when a decree was duly made and entered in the matter of the said estate, settling his final account and distributing the residue of the estate, consisting of twelve hundred and sixty-two dollars and sixty-nine cents in money, to the legatees named in the will who are the plaintiffs and respondents here.

Mead never paid to the distributees any part of the money so distributed to them, and in November, 1892, they commenced this action on the said bond to recover the same, making Mead and four of the sureties signing it parties defendant.

Mead failed to appear, and his default was duly entered. The other defendants answered, and among other things, denied in effect that the so-called bond ever became a valid bond, or imposed any obligation upon them, for the reason that it was never signed or executed by Mead, the principal named therein.

The case was tried by the court without a jury, and judgments in proper form were entered in favor of the plaintiffs, from which, and from an order denying their motion for a new trial, the defendants, other than Mead, appeal.

Our code provides that "every person to whom letters

testamentary or of administration are directed to issue, must, before receiving them, execute a bond to the state of California, with two or more sufficient sureties, to be approved by the superior court or a judge thereof." (Code Civ. Proc., sec. 1388.)

The plain meaning of this provision is that the principal and sureties must sign the bond before letters can be issued, for obviously there can be no execution without signing.

It will be observed that the bond in suit here is not in form the joint and several obligation of all the parties, as it should be, but is the joint obligation of the principal and sureties, and the several obligation only of the latter.

The question then is, Was the bond, it not having been executed by the principal, valid for any purpose, and can the appellants, who signed it as sureties, be held liable thereunder?

In *City of Sacramento* v. *Dunlap*, 14 Cal. 421, the action was upon a bond which purported to be the joint bond of the principal and sureties, but was signed only by the sureties; and the question for determination was whether the intended principal or the sureties were bound by it. It was held that the plaintiff could not recover upon the bond, and the court, speaking through Field, chief justice, said: " The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. It purports on its face to be the bond of the three. Some one must have written his signature first, but it is to be presumed upon the understanding that the others named as obligors would add theirs. Not having done so it was incomplete, and without binding obligation upon either." (Citing *Bean* v. *Parker*, 17 Mass. 591; *Wood* v. *Washburn*, 2 Pick. 24; *Sharp* v. *United States*, 4 Watts, 21; *Fletcher* v. *Austin*, 11 Vt. 447; *Johnson* v. *Erskine*, 9 Tex. 1.)

The learned justice then refers to certain decisions in other states which might seem to announce a different doctrine, and says that they were based upon bonds which were both joint and several, and he intimates that the liability might be different on the two kinds of bonds.

In *People* v. *Hartley*, 21 Cal. 585, the action was upon a bond which was construed to be the joint obligation of the principal and sureties, and the several obligation of the sureties, so far as regards the amount for which each undertook to be liable. The bond was signed by the sureties, but not by the principal. The opinion in this case was also delivered by Field, chief justice, and it was held that the rule declared in *Sacramento* v. *Dunlap*, 14 Cal. 421, was applicable, and that the bond imposed no binding obligation upon the sureties.

In *Kurtz* v. *Forquer*, 94 Cal. 91, the action was upon a bond which was alleged to have been executed by two of the defendants as principals, and by the other defendants as sureties. The bond purported to be the bond of all the defendants, but it was in fact signed only by the sureties. It was held that the plaintiff might recover on the bond, and that the cases of *Sacramento* v. *Dunlap*, 14 Cal. 421, and *People* v. *Hartley*, 21 Cal. 585, were not in point, " because in those cases the bonds sued on were strictly joint, and not several, while in the case at bar the obligation is expressly joint and several."

In Murfree on Official Bonds the law is thus stated: "A bond purporting to be that of a principal and his sureties joint in form, and only several in recited limitations of the liabilities of the sureties, is absolutely void if it is not executed by the principal. Being a joint bond, his signature was necessary to its validity, for the defects, which can be cured upon their suggestion in the complaint, do not embrace the absence of the signature of the principal obligor. Without his signature the instrument is not his deed. There is no bond of his in which defects can be suggested and cured." (Sec. 252.)

In other states the decisions are conflicting upon the question whether the sureties can be held liable on a bond which purports to be joint and several, but has not been signed by the principal.

The last case to which our attention is called bearing upon this question, and deciding in effect that sureties may be so held, is *Trustees* v. *Sheik*, 119 Ill. 579. The opinion in the case is an able one, and it reviews quite fully the decisions on both sides of the question. It is said: "We have given the authorities bearing on the question due consideration, and we are not inclined to adopt the view held by the courts, that a bond signed by the sureties without the signature of the principal may not be binding upon those who execute it, as was held in the case cited from Missouri, and other like cases. If the sureties saw proper to bind themselves without the principal executing the bond and becoming bound we think they might do so, and their undertaking is one that may be enforced in the courts by an appropriate action. The fact that the principal obligor in this case failed to sign the bond was a mere technicality which ought not to affect the rights of any of the parties concerned."

On the other hand, the last case to which our attention is called, holding the other way, is a decision by the supreme court of South Dakota in *Board of Education* v. *Sweeney*, 1 S. Dak. 642. In this case, too, the opinion is quite able and clear, and, after reviewing at length all the prior decisions on both sides of the question, it reaches a conclusion directly contrary to that reached by the supreme court of Illinois. It is said:

"After a careful review of the authorities and the reasoning upon which they are based, we think the better rule is that an official bond in which the officer is named as principal, but which is not executed by him, is *prima facie* invalid, and not binding upon the sureties."

It is not necessary here to cite or comment upon the numerous cases reviewed in the opinions last referred to, as this case clearly falls within the rule declared in the

two California cases first cited. That rule is well supported in other states, and we think it should be followed here.

There is a remark made by the supreme court of Michigan in the case of *Johnston* v. *Kimball*, 39 Mich. 187, which we think applicable to this case, and we therefore quote and adopt it: " Our statutes plainly contemplate that the treasurer shall himself be a party to his own official bond; and while we are not prepared to hold that a bond knowingly and intentionally given without his concurrent liability will not bind the obligors, we are of opinion that where he purports to be obligor and does not sign the bond, there must be positive evidence that the sureties intended to be bound without requiring his signature, before they can be held responsible."

Here there was no evidence that the sureties intended to be bound without requiring the principal's signature, but, on the contrary, the evidence introduced as to one of them tended to show that he did not so intend.

It follows that the judgment and order should be reversed and the cause remanded, with directions to the court below to enter judgment in favor of the appellants.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment and order be reversed and the cause remanded, with directions to the court below to enter judgment in favor of the appellants.

HARRISON, J., GAROUTTE, J., PATERSON, J.