GEO. J. BROWN, Appellant, v. G. B. MELLOON, Appellee.

**JUSTICE OF THE PEACE:** Bonds—Failure to Mark ''Filed''— 1 **Nonjurisdictional Defects.** The act of (a) securing the approval of the justice of the peace of an appeal bond and (b) leaving such bond with the justice are the two essentials in perfecting an appeal. The failure of the justice to formally mark the bond ''filed'' in no wise affects the legal force of the bond.

**JUSTICE OF THE PEACE:** Bonds on Appeal—Sureties Alone Sign- 2 ing—Effect. Judicial bonds signed by the sureties only are valid in the absence of a statute to the contrary. (Sec. 4552, Code.) So held in the case of an appeal bond in justice court.

*Appeal from Sac District Court.*—HON. M. E. HUTCHISON, Judge.

FRIDAY, APRIL 9, 1915.

ACTION originally commenced before a justice of peace to recover compensation for shelling corn. The justice rendered judgment for plaintiff and defendant appealed to the district court. When the case reached the latter court, plaintiff filed a motion to dismiss the appeal because no sufficient appeal bond was filed. This motion was overruled. The case then went to trial, resulting in a judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Chas D. Goldsmith,* for appellant.

*Malcolm Currie,* for appellee.

Deemer, C. J.—The sole question presented by the appeal is the correctness of the trial court's ruling

1. Justice of
the peace:
bonds: failure
to mark
"filed": non-
jurisdictional
defects.

on the motion to dismiss. Code Sec. 4552 provides in substance:

"The appeal is not perfected until a bond in the following form, or its equivalent, is taken and filed in the office of the justice or clerk as above provided, in an amount sufficient to secure the judgment and costs of appeal:

"The undersigned acknowledge ourselves indebted to ........................in the sum of............dollars, upon the following conditions: Whereas...............has appealed from the judgment of................., a justice of the peace, in an action between..............as plaintiff, and........................as defendant:

"Now, if said appellant pays whatever amount is legally adjudged against him in the further progress of this cause then this bond to be void.

"Approved:

"E...... F......, Justice.

A....... B......, Principal.
C...... D......, Surety.

"If the judgment is affirmed, or if on a new trial the appellee recovers, or if the appeal is withdrawn or dismissed, judgment shall be rendered against the principal and surety on said bond."

The bond given by defendant for the appeal was in this language:

APPEAL BOND.

$150.00.

We, the undersigned, acknowledge ourselves indebted to Geo. J. Brown in the sum of one hundred and fifty dollars upon the following conditions: .

Whereas, G. B. Melloon has appealed from the judgment

of Geo. J. Speaker, a justice of the peace of Eureka township, Sac County, Iowa, in an action between Geo. J. Brown as plaintiff and Geo. B. Melloon, as defendant.

Now, if said appellant pays whatever amount is legally adjudged against him, in the further progress of this cause, then this bond to be void.

Approved: GEO. J. SPEAKER.

                                A. D. WOODKE,
                                T. L. VEITCH.

State of Iowa, Sac County.

The undersigned, whose names are signed to the above bond as sureties, being severally sworn depose and say, and each for himself says, that he is a resident of the state of Iowa, and a free holder therein; that he is worth double the amount to be secured by the above bond, beyond the amount of his debts, and that he has property liable to execution in this state equal to the sum to be secured by the above bond.

                                A. D. WOODKE,
                                T. L. VEITCH.

Sworn to before me and subscribed in my presence by the said A. D. Woodke and T. L. Veitch this 5th day of April, 1913.

                                GEO. J. SPEAKER,
                                Justice of Peace.

This bond was approved by and left with the Justice, and by him filed with the clerk of the district court, with his transcript of the record.

It will be observed that this bond was not signed by the appellant Melloon, and that it was not marked "filed" by the justice, and upon these defects or omissions, the motion to dismiss the appeal was grounded. The bond was approved by and left with the justice, and his failure to mark it "filed" is not a jurisdictional defect. *Brock v. Manatt,* 1 Iowa 128.

Failure to place a filing mark upon the bond, being the nonperformance of a mere ministerial act, did not defeat the appeal.

II. The other proposition is a more troublesome question and one upon which there is an apparent conflict in the cases; a conflict which, upon close analysis, is apparent rather than real. Whether or not a bond requiring sureties should be signed by the principal obligor depends (1) upon the nature of the bond; (2) upon the statutory requirements, if it be an official or judicial bond; and (3) upon the nature of the liability imposed.

2. JUSTICE OF THE PEACE: bonds on appeal: sureties alone signing: effect.

If the instrument be a mere contract obligation of a named principal and sureties, and it be not signed by the principal, then, as there is no principal obligation, there is no undertaking on the part of the sureties; and if signed by them alone, there is no enforceable liability; for their obligation is secondary only. If the bond be a statutory one, the nature thereof is an important consideration, especially if the statute be silent as to its terms. As a rule, a bail bond, in the absence of statutory permission for sureties alone to sign, must be signed by the principal obligor or the defendant in the action. This rule is for the protection of the sureties, that they may at any time arrest the principal on the bond itself, and for other reasons not necessary to be enumerated. But if it be a mere recognizance, it need not ordinarily be signed by the principal. In this state, neither bond need be signed by the principal. See Code Secs. 5501, 5613. *State v. Patterson*, 23 Iowa 575.

If a bond be statutory and the signature of the principal obligor is required, such bond, if not signed by him, should be held defective or entirely void. But unless the statute be mandatory, the bond need not be signed by the principal obligor, if he is liable without signing the instrument. *Minton v. Ozias*, 115 Iowa 148; 1 Ency. of Pleading & Practice, 973.

Again, something depends upon the nature of the obligation, and ofttimes more upon the intent of the parties. If the bond be joint only, there is much reason for holding that all the obligors should sign; but if joint and several, or several

only, the number of parties signing is quite immaterial. In this state, all such bonds as the one here involved are joint and several (Code Sec. 3465) and any one or all the makers could be sued thereon; and there was no necessity of joining the principal even if he *had* signed the obligation. *Jones v. Wilson*, 11 Iowa 160; *Poole v. Hintrager*, 60 Iowa 180; *Citizens Bank v. Oleson*, 47 Iowa 492.

Again, it may be that a bond is incomplete when not signed by some party named in it of which the obligee has notice, either from the terms of the instrument or otherwise; in which event, it is held an imperfect instrument because the conditions justifying its delivery have not been complied with. In such cases, bonds are held inoperative and unenforceable because delivered without securing the necessary parties as obligors.

There is no suggestion in this record that any of the parties contemplated or expected that the bond would be signed by the appellant Melloon, before its delivery to the justice, or that it was not signed by all the parties who were expected to sign, so that this question is out of the case.

At the time the bond was given, Melloon was already obligated by the judgment to pay the amount adjudged against him by the justice; and, had the case been affirmed, a judgment would have been rendered against him in the district court. Such judgment was necessary to fix any liability against the sureties on their bond. In other words, the obligation of the sureties was to pay whatever amount was adjudged against their principal during the further progress of the case. The principal's liability did not depend upon the bond, and it was not necessary for him to sign it in order to fix his liability. The sureties, by the terms of their bond, agreed to pay the amount so adjudged against him. Had the principal signed the bond, it would have added nothing to his liability and given no protection to the sureties which they did not possess without it. The principal's obligation is stated, and the sureties undertook the performance thereof, in the

event their principal (the appellant) did not perform, and they could be sued jointly or severally without joining their principal, and in the event they were compelled to pay the judgment, they could, in an action on the bond alone, by showing a judgment against the principal obligor, the appellant in justice's court, and the payment of that judgment, have recovered from the principal defendant the amount paid by them. They could lose nothing from the fact that the principal obligor did not sign the instrument with them.

It is said, however, that the statute expressly requires the signature of the principal. It will be observed. that this statute in express terms provides that the bond may be in the form set out *or its equivalent.* So that the question narrows itself down to the one inquiry, Was the bond given the equivalent of the form set out?

In *Moore v. Manser,* 9 Iowa 47, we said: "The argument made under this head assumes that the undertaking of the party appealing must be in exact conformity with the form given in Sec. 2333 of the Code, and must be approved or attested in the precise mode therein stated. This is not necessary. A recognizance equivalent to the form given and a substantial compliance with the directions of the statute by the justice is all that is necessary."

As already indicated, the signature of the appellant, the principal obligor, would have added nothing to his legal liability that was not created by the bond, but was established or to be established in a legal proceeding in which the bond was given; and it would be extremely technical to say in such circumstances that the bond was not the equivalent of one signed by the principal obligor, the appellant in the case.

Practically all the cases holding that a bond is invalid and unenforceable if not signed by the principal were decided upon the theory that the instrument itself created the only obligation of the principal; or that the statute expressly required the signature of the principal; or that the sureties would

in some manner be prejudiced because of the failure of their principal to sign, or because it was within the contemplation of the parties that the principal should sign before delivery, or the liability created was joint only, and not joint and several.

This statement will be confirmed by an examination of the following, which are usually cited in support of the contention that a bond not signed by a principal is of no validity. *Hall v. Parker,* 37 Mich. 590; *Bunn v. Jetmore,* 70 Mo. 228; *Mayo v. Renfroe,* 66 Ga. 408; *Board of Education v. Sweeney,* 1 S. D. 642 (48 N. W. 302); *Martin v. Hornsby,* 55 Minn. 187 (56 N. W. 751); *Weir v. Mead,* 101 Cal. 125 (35 Pac. 567); *Ferry v. Burchard,* 21 Conn. 597; *Bean v. Parker,* 17 Mass. 591; *Russell v. Annable,* 109 Mass. 72; *Goodyear Co. v. Bacon,* 24 N. E. (Mass.) 404.

The current of modern authority is to the effect that, in the absence of statute expressly requiring it, a judicial bond signed by sureties alone is valid and may be enforced. They proceed upon the theory that, as the signature of the principal adds nothing to his liability, and the want of it takes nothing away from the sureties, and in no manner increases their burdens or robs them of any of their rights, the failure of the principal to sign does not affect the validity of the bond. See *Weir v. Mead, supra; Cockrill v. Davie,* 14 Mont. 131 (35 Pac. 958); *St. Louis Brewing Co. v. Hayes,* 38 C. C. A. 449 (97 Fed. 859); *Pima County v. Snyder,* 44 Pac. 297 (Ariz); *McKissack v. McClenden,* 32 So. (Ala.) 486; *State v. Bowman,* 10 Ohio 445; *Douglas County v. Bardon,* 79 Wis. 641 (48 N. W. 969); *Loew v. Stocker,* 68 Pa. St. 226; *Tillson v. State,* 29 Kans. 452; *School Trustees v. Sheick,* 8 N. E. (Ill.) 189; *Clark v. Hennesey Bank,* 14 Okla. 572, 2 Ann. Cases, 219; *U. S. Co. v. Haggart,* 91 C. C. A. 289 (163 Fed. 801); *Kenck v. Parchen,* 57 Pac. 94; *Adams v. Williams,* 97 Miss. 113 (52 So. 865); *Wright v. Jones,* 120 S. W. 1139.

This principle has been applied to replevin bonds: *Matter of Cahill,* 48 Mich. 616; recognizances,—*State v. Peyton,* 32

Mo. App. 522; *Irwin v. State,* 10 Neb. 325; indemnity bonds,—*Woodman v. Calkins,* 13 Mont. 363; attachment bonds,—*Adams v. Kellogg,* 63 Mich. 105; and appeal bonds,—*Webster v. Wailes,* 35 Fla. 267; *Harrison v. Bank,* 3 J. J. Marsh, (Ky.) 375; *Lindsay v. Price,* 33 Tex. 280; *Johnson v. Johnson,* 31 Ohio St. 131.

The bond in this case was not delivered contrary to instructions and, so far as this record discloses, was intended to be delivered in just the form in which it now appears. It was, therefore, valid and enforceable and of the same legal effect as if it had been signed by the appellant, the principal obligor.

It met the requirements of the statute, and should be held sufficient. What is said in *Novak v. Pitlick,* 120 Iowa 286, does not run counter to the rules here announced; but rather is confirmatory of them. That cause was decided on the theory that according to the understanding of the parties the bond was to be signed by the principal obligor before delivery to the obligee, of which fact the obligee had notice from the face of the instrument itself. Here there is no such contention. There is nothing on the face of the instrument or in the attendant circumstances to indicate that anyone else was to sign the instrument. The bond does not name anyone as principal, and it is a clear undertaking to pay whatever amount was legally adjudged against Melloon, during the further progress of the case.

It could undoubtedly have been enforced against the sureties without joining Melloon, and the amount of the judgment obtained against Melloon would be conclusive against both him and his sureties; and if they paid the judgment, they would be entitled to recover against him, by simply producing their bond showing that they were sureties for the payment of the judgment. We agree with the trial court in its conclusion, and the judgment must be, and it is—*Affirmed.*

LADD, GAYNOR and SALINGER, JJ., concur.