BILLINGHAM V. BRYAN.

1. NON-NEGOTIABLE PROMISSORY NOTE: DEMAND AND NOTICE. The indorsement of a non-negotiable promissory note is equivalent to the execution of a new note, and the liability of the indorser is not contingent upon due presentation to the maker, and notice of non-payment.
2. SAME: PLEADINGS AND EVIDENCE. An allegation, in a petition brought by the indorsee against the indorser of such a note, of demand and notice is immaterial, and need not be supported by evidence, even if issue is joined thereon.

*Appeal from Jasper District Court.*

WEDNESDAY, APRIL 4.

THIS was an action against the makers and indorsers of a non-negotiable promissory note. The District Court held that J. W. H. Vest, one of said defendants was not liable as indorser, and rendered judgment accordingly, from which plaintiff appeals.

*M. E. Cutts* for the appellant, relied upon *Long* v. *Smyser & Hawthorne*, 3 Iowa 266; *Wilson* v. *Ralph et al.*, Ib. 450; *Hall* v. *Monahon*, 6 Iowa 217.

*Seevers, Williams & Seevers* for the appellee, (Vest,) relied upon *Conrad & Co.* v. *Baldwin*, 3 Iowa, 207; *McKinney* v. *Hartman*, Ib. 344; and reviewed *Long* v. *Smyser & Hawthorne, supra.*

BALDWIN, J.—The District Court held " that the plaintiff to maintain his action must show that the said Vest received due notice of a demand, and non-payment by the maker at maturity, and there being no evidence of that fact, the plaintiff could not maintain his action." This ruling of the court, is assigned as error by the appellant, and the question presented in this cause is, whether the indorser of a non-negotiable promissory note is liable to the holder, without demand upon the maker, and notice of non-payment. We think this question has been fully settled by this court in the cases

of *Wilson* v. *Ralph & Van Shaick*, 3 Iowa 450; *Long* v. *Smyser & Hawthorne*, 3 Iowa 266, and in *Hall* v. *Monahon*, 6 Iowa, 450, the court in those cases following the authority as laid down in the case of *Seymour* v. *Van Shaick*, 8 Wend. 421, in which it is held that such an indorsement is equivalent to the making of a new note, and is a direct and positive undertaking on the part of the indorser to pay the note to the indorsee, and not a conditional one to pay if the maker does not upon demand, after due notice. Such indorser is not entitled to the usual privileges of an indorser of negotiable paper. It is urged by appellee that the plaintiff had averred, in his petition, such demand of the maker and notice of non-payment; that issue was joined thereon, and that under such an issue the District Court properly held that the plaintiff was required to prove such demand before he could recover. The issue thus presented was an immaterial one. The plaintiff had a right to recover without any such allegation in his petition, or if so made it was not necessary for him to support the same by evidence.

The judgment of the District Court, as to Vest, is reversed.