VAN VALKENBURG v. BRADLEY & McCULLOUGH *et al.*

1. COPARTNERSHIP: POWER AFTER DISSOLUTION. A general authority to one partner, after the dissolution of a copartnership, to settle the business of the firm does not authorize him to renew in the name of the firm a pre-existing copartnership note, but an authority to so bind the firm may be given in the terms of dissolution, or by the assent of the other partners at the time of such renewal; overruling *Kemp & Doggett* v. *Coffin*, 3 G. Greene, 190.

*Appeal from Jefferson District Court.*

SATURDAY, OCTOBER 18.

FOR a statement of the facts see the opinion of the court.

*Negus & Culbertson* for the appellant.

After the dissolution of a copartnership, one partner has no power to execute a note in the firm name for the purpose of renewing a note executed before the dissolution. Bayley on Bills, 58; *Whitman* v. *Leonard*, 3 Pick., 177; *Bank of South Carolina* v. *Humphreys*, 1 McCord, 188; 3 Kent Com., 70; 1 Curtis Cond. R., 186; Pars. Merc. Law, 191.

*Slagle* v. *Atchison* for the appellee, relied upon *Kemp & Doggett* v. *Coffin*, 3 G. Greene, 190.

LOWE, J.— Two of the defendants, as former copartners, and the other as their surety, were sued upon a promissory

note of $233.33, dated the 12th of December, 1859.　The facts developed on the trial of the cause show that the firm of Bradley & McCullough was duly dissolved on the 13th day of June, 1859, and that by the terms of the dissolution Bradley assumed the debts, took possession of the books, notes and papers, and was to settle up all the affairs and business of the concern.　In December following, the plaintiff held a large note, overdue, executed by Bradley & McCullough, during their existence as a firm, and consented with Bradley to extend the time of the payment thereof, if he would take up the old note, by paying $63.00 down, and giving three notes of $233.33 each, running four, five and six months, executed in the name of the old firm (which was done by Bradley) and the name of some responsible surety, all which was assented to, and accordingly carried out, the instrument sued on being one of the notes referred to.　The defense set up by Hoskinson need not be stated or referred to, as it was not at all sustained by the evidence.

The defense set up by McCullough was that he had not signed the note, that it had been executed without his authority, long after the dissolution of the firm.　At the hearing, Bradley testified that about the time he executed the note or notes in question, he saw McCullough, and informed him of the arrangement he was making with the plaintiff, and that he, McCullough, made no objection.　In this state of the case the court charged the jury upon its own motion, in the following words, viz. :

" After the dissolution of a partnership, the power of the individual partners to bind the firm ceases, unless in matters necessary to settle up the unsettled business of the firm.　If, at the dissolution of a partnership, one partner is authorized by the firm to settle up and arrange the business of the firm, such partner has the power to bind the firm by the execution of a note in liquidation of a debt, contracted

by the partnership, before the dissolution, but not to create any new debt or liability."

The following instruction, asked by the defense, was refused:

" That after the dissolution of a firm one partner cannot bind the copartner by the renewal of a note, though the articles of dissolution authorize him to settle the business of the firm, and for that purpose use their name."

Upon the foregoing facts and charge a judgment was rendered against all the defendants for the amount of said note and interest.

The appellant, McCullough, urges as an error in the proceedings, the overruling of a demurrer to the evidence that disclosed the above facts, the giving and refusing said instructions, and the overruling of a motion for a new trial.

But all these assignments resolve themselves into the question, whether, in the dissolution of a partnership, one member, entrusted and charged with the settlement of the business of the concern, is authorized, from the previous relation of the parties, to liquidate a partnership note or debt, by executing a new note in the name of the dissolved firm, so as to be binding in law upon all the members thereof, the object being to get an extension of time in the payment of the debt?

Some eleven years since, in the case of *Kemp & Doggett* v. *Coffin*, 3 G. Greene, 190, this court held to the affirmative of this proposition. It is insisted, however, that such is not the law, and that it is against both its reason and the weight of authority. In this opinion we are inclined to concur, and to fall back upon the doctrine so long and well settled, that a general authority to one partner, upon a dissolution, to settle the business of the firm, does not authorize him to give a note in the name of the firm, for a pre-existing firm debt, or to renew a partnership note, nor to indorse a note, previously given to the firm. 3 Kent,

(9th ed.) 63 (marg.) and the many authorities there cited; Story on Part., §§ 322–328.

It is competent, however, for the settling partner to bind the firm by note in the settlement of pre-existing· debt, if consent or authority was given by the retiring partner or partners, in the terms of its dissolution, or at the time of the execution of such notes.

In this case, the appellee insists that if the court erred, as we think it did, in giving one and refusing the other of said instructions, that the evidence shows, nevertheless, that the note specified was given by Bradley with the concurrence and assent of McCullough. This fact, it is true, was substantially testified to by Bradley, and received a negative confirmation from McCullough himself, who also testified in the cause, without explaining or denying this statement. Still, we are not prepared to say that the appellant did not sustain prejudice from said instructions, for the reason we have no means of determining upon what the jury based their verdict, whether upon the instructions, or this item of evidence. There is nothing in the record to show that the attention of the jury was challenged to this portion of the evidence, by any charge that was given them by the court; and whilst we, as a court, might think the evidence sufficient to show McCullough's consent that Bradley should execute the note in the name of the firm, the jury might conclude that it was insufficient.

We suppose that it is the right of the appellant to have the jury pass distinctly upon this question, and we shall therefore reverse and remand this cause to be tried anew.

Reversed.