## ELMORE v. HIGGINS *et ux.*

1. **Contracts: COTEMPORANEOUS AGREEMENTS.** A cotemporary indorsement made upon the back of a promissory note which was secured by mortgage, becomes a part of it, and is binding upon the parties and qualifies and restricts their contract; and in construing the contract, the note, the indorsement and the mortgage will be considered together and effect be given to every expression if this can be fairly done.

2. —— **CONTRACT CONSTRUED.** On a promissory note secured by mortgage, a cotemporaneous indorsement was made by the parties as follows: "The within mentioned note is confined to a certain mortgage of even date, given by said Amando D. Higgins and Mary T. Higgins to Waldo J. Elmore." *Held*, That the payee of such note is confined in his remedy to a foreclosure of the mortgage, and was not entitled to a personal judgment.

*Appeal from Tama District Court.*

THURSDAY, APRIL 12.

THIS is a proceeding to foreclose a mortgage executed by the defendants, Amando D. Higgins and Mary T., his wife, to secure the payment of a promissory note made by Amando D. Higgins to the plaintiff. The petition was in the ordinary form. The answer contained two counts. In the first, the defendant admitted the making and execution of the note and mortgage. The second count pleaded facts intended to deny the plaintiff's right to a personal judgment, and a general execution for any balance which might remain after exhausting the mort-

gaged estate. The right to a foreclosure against the property was not contested. The second count of the answer, in substance, alleges that at the time of the execution of said note, and *prior to the execution and delivery of the same*, and for a valuable consideration, said Waldo J. Elmore and said Amando D. Higgins agreed that the remedy of plaintiff in any proceedings to collect said note, should be confined to the avails of said mortgage; that is to say, to the amount made by the sale of the mortgaged premises, without any personal judgment or recovery against said Amando D. Higgins ; and that at the same time with the making of said agreement, and before the delivery of said note, a memorandum thereof was cotemporaneously indorsed on said notes in the words and figures following: " The within mentioned note is confined to a certain mortgage of even date, given by said Amando D. Higgins and Mary T. Higgins to Waldo J. Elmore.

" AMANDO D. HIGGINS,<br>" WALDO J. ELMORE."

Which memorandum (as defendant alleged) was understood by both parties to express the agreement aforesaid.

To the defense, as set out in the second count of the answer, the plaintiff, Waldo J. Elmore, interposed a demurrer, assigning the following reasons therefor :

" 1. Said indorsement or writing set forth in said second count, does not show nor contain, in itself, the meaning and agreement assigned to it.

" 2. Said indorsement is ambiguous, indefinite and absolutely unintelligible ; therefore it cannot be aided or cured by averment or parol testimony.

" 3. Said indorsement is too vague and ambiguous to control, vary and contradict the positive promise on the face of the note."

This demurrer was sustained and judgment rendered

against the defendants for the amount of the note, and a decree of foreclosure, as prayed in the petition.

Amando D. Higgins appeals, and assigns the following errors:

First. The court erred in sustaining said demurrer upon each cause therein assigned.

Second. The court erred in rendering a *personal* judgment for the amount of the note against the said Amando D. Higgins.

*G. H. Struble* for the appellant.

1. A cotemporaneous memorandum on a note, or even on a separate piece of paper, is a part of the note, and qualifies and restricts it, and will bind all parties. 4 Pars. N. & B., 539; *Miller* v. *The Receiver of the Franklin Bank*, 1 Paige, 445; *Rogers* v. *Kneeland*, 10 Wend., 218; *Keeler* v. *Bartine*, 13 Id., 114; *Heyrood* v. *Pernio*, 10 Pick., 228; 2 Gibbs (Mich.), 408; *Wheelock* v. *Freeman*, 13 Pick., 165; *Barnard* v. *Cushing et al.*, 4 Metc., 230; *Hunt* v. *Livermore*, 5 Pick., 395.

2. Effect must, if possible, be given to every expression in the contract; and the rule is carried so far that it is said to be the duty of courts to give to all doubtful expressions such an interpretation as will make them produce some effect. Chit. on Cont., 70; Smith on Const. Stat., § 52; *Ward* v. *Whitney*, 8 N. Y., 446; *Hamilton* v. *Taylor et al.*, 18 Id., 358; 36 Mo., 28; 42 Id., 229.

3. When a contract is capable of two significations, it should be understood in that in which it will have some operation, rather than in that in which it will have none. Poth. Obl., pt. 1, ch. 1, § 1, art. 7; *Mariner* v. *Stone*, 2 Cow., 781.

4. Written instruments are to be interpreted according

to their subject matter; and it is obvious that parol or verbal testimony must be resorted to in order to ascertain the nature and qualities of the subject to which the instrument refers. 1 Greenl. Ev., § 286; *Heldelrand* v. *Fogle*, 20 Ohio, 147; *Perkins* v. *Lyman*, 11 Mass., 76; 13 N. H., 275; *Field* v. *Schricker*, 14 Iowa, 119.

The intention of the parties must be collected from the whole instrument, and in order to carry that intention into effect, the literal import of the words, when inconsistent with the intention so ascertained, may be disregarded. 5 Duer (N. Y.), 336; *Atwood* v. *Cobb*, 16 Pick., 229; *Decker* v. *Brown & Furniss*, 3 Duer, 291; 10 Gratt., 318.

*H. E. J. Boardman* for the appellee.

I. A writing cannot even be reformed in a court of equity, when it is clear that nothing was omitted which was intended to have been incorporated. If no fraud or mistake is claimed, the writing must stand, however it falls short of expressing the intention. *Dwight* v. *Pomeroy*, 17 Mass., 302; *Gelpcke, Winslow & Co.* v. *Blake*, 15 Iowa, 391.

II. Parol testimony is never admissible to explain a patent ambiguity in a written instrument, where something must be added to make it intelligible. The writing is simply void. Am. Law Reg., 1860 (Jan.); 2 Pars. Cont., 566; *Hawkins* v. *Edwards & Turner*, 1 Iowa, 426.

III. It is a rule that the note and mortgage are to be taken by the corners, and a fair interpretation given to it as a whole, and surely a square promissory note will not be considered as contradicted or varied by a cotemporaneous memorandum, when such memorandum is equally susceptible of an interpretation in harmony with the note, or as an ear mark. 2 Pars. N. & B., 542.

DILLON, J. — That the cotemporary indorsement on the back of the note became part of it, binding upon the parties and qualifying and restricting their contract (2 Pars. on N. & B., 539, *et seq.*, and cases), and that in construing the contract, the note and indorsement and mortgage are to be taken by the corners, and effect given to *every expression*, if this can fairly be done (Id., 542; Chitty on Cont., 70), are propositions elementary in their character and not controverted by counsel.

1. CON-
TRACT:
cotempo-
raneous
agree-
ment.

Looking at the subject matter of the contract, and keeping in view the principle just stated, what effect should be given to the indorsement in question? What idea did the parties intend to express?

2. —— con-
tract con-
strued.

The plaintiff's position is thus stated in the written agreement which he has submitted. "The plaintiff claims (and it is fair to infer), that the indorsement was simply intended to show that the note was secured by a mortgage, and must be sold or hypothecated (if at all) with the mortgage, so that on payment to the holder of the note, immediate delivery and satisfaction of the mortgage could be obtained."

The counsel for the defendant, denying the correctness of this construction, contends that the indorsement, properly construed, should be "held to signify that the note, as an instrument creating a liability, is confined to the mortgage as an instrument of security. In other words, that the plaintiff, in his remedy upon such note, is confined to the mortgage as to the extent of his recovery."

Upon the whole we are of opinion that the defendant's view is the correct one, and that the demurrer to the answer should have been overruled instead of being sustained.

Considering the subject matter, the time when, the place where, and the manner in which the indorsement was made and signed, the almost meaningless effect given to it by the plaintiff's view, and the more rational, natural and substan-

tial effect given to it by the defendant's construction, we entertain little doubt that it was the intention and understanding of the parties that the maker of the note should stand free from personal liability for any deficit after exhausting the mortgaged estate.

We might elaborate the grounds of our decision, but as a case involving precisely the same facts will, in all probability, never again arise, it is scarcely profitable to do so.

The decree of the District Court is (agreeably to the stipulation of the parties in case of a reversal of the ruling below) modified so as to relieve the defendant, Amando D. Higgins, from personal liability, but the sale of the land under the special execution remains wholly undisturbed.

Decree modified.