W. T. LYNCH v. C. K. MEAD, Appellant.

**Indorsement in Blank:** NON-NEGOTIABLE PAPER: *Liability of indorser.* The indorsement in blank, by the payee, of a written instrument for the payment of money to himself, or his order, though such instrument is not negotiable by the law merchant, creates a contract on which the indorser is liable to any subsequent indorser.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

MONDAY, OCTOBER 12, 1896.

ACTION at law, to recover the amount due on two instruments in writing. A demurrer to the petition was sustained, the defendant elected not to plead further, and judgment was rendered in favor of the plaintiff for the amount due. The defendant appeals. —*Affirmed.*

*Gatch, Connor & Weaver* for appellant.

*Granger & Bennett* for appellee.

ROBINSON, J.—The instruments are alike in terms and a copy of each is as follows: "$60.00. Des Moines, Iowa, June 3, 1893. There is due C. K. Mead, sixty

dollars for work performed for us during the months of
May and June, 1893, which sum will be paid to himself
or order on the 13th day of July, 1893, only upon pres-
entation of this time check at our office, No. ——
street, Des Moines, Iowa. Des Moines Water-Power
Co., by C. K. Mead, Sec. & Manager." These instruments
were made by the Des Moines Water-Power Company,
and delivered to the defendant, C. K. Mead, and they
were indorsed in blank by him and by C. H. Storms,
and transferred to the plaintiff, who now owns them.
They were duly protested for non-payment, and are
now wholly unpaid. The demurrer was based upon
the following grounds: "(1) That the written instru-
ments set out in each of the counts of the petition are
mere duebills, and are nonnegotiable instruments
under the law merchant; and that this defendant, by
the mere act of writing his name on the back of said
instruments, merely transferred the ownership thereof,
and did not in law become liable to the holder for the
amount specified therein, nor become liable as guar-
antor of the payment thereof. (2) That this defend-
ant, being payee of said duebills, by writing his name
upon the back thereof, merely transferred the title, but
assumed no further obligation to a subsequent holder,
in the absence of express contract assuming such lia-
bility."

The sole question to be determined is, whether
the defendant, Mead, is absolutely liable for the pay-
ment of the instruments in suit, by reason of his
indorsements thereof, and their transfer to the plaint-
iff. It is not denied that, if the instruments are nego-
tiable, the defendant is liable; but it is insisted that
they are not negotiable, and that the effect of his
indorsements, and the delivery of the paper to the
plaintiff, was merely to transfer to the latter the right
which the defendant had against the maker, and that
the only contract implied in the transfer, on the part

of the indorser, was that he was the owner of the instruments, and that they were genuine and unpaid. The instruments acknowledged that the sums of money specified were due to the defendant. In addition, each contains an undertaking to pay the specified sum of money to the defendant, or his order, on a day fixed, on the presentation of the instrument at a place designated. Whether the clause, making it payable "only upon presentation" at the office of the maker, created a condition, and provided for a contingency which made the instruments non-negotiable, we need not determine. Conceding, for the purposes of this case, that they were non-negotiable, we are of the opinion that the demurrer was properly overruled. The indorsing of the instruments by the defendant was, in effect, the making of a new contract, by which he undertook to pay the amounts due, as provided in the instruments, and not a mere transfer of the paper, as claimed by the defendant. *Long v. Smyser,* 3 Iowa, 270, *Wilson v. Ralph,* Id. 450; *Billingham v. Bryan,* 10 Iowa, 317; Tiedeman, Com. Paper, sections 257a, 257b. The right of action is given against all the indorsers, and is not limited to the immediate assignor of the plaintiff. *Huse v. Hamblin,* 29 Iowa, 502. The judgment of the district court is AFFIRMED.