JOHN A. ALLISON v. R. W. HOLLEMBEAK, Appellant.

Negotiable instruments: CONDITIONS: LIABILITY OF BLANK INDORSER. A provision written on the back of a note at the time of its execution, to the effect that the note is secured by mortgage and that the payee shall look to the security for payment, becomes a part of the instrument and renders it non-negotiable, thus limiting the liability of the maker: and a blank indorser of the note assumes no greater liability than that of the maker: so that a subsequent holder is limited in his recovery to the mortgage security, both as against the maker and blank indorser.

*Appeal from Adair District Court.*— HON. JAMES D. GAMBLE, Judge.

WEDNESDAY, FEBRUARY 19, 1908.

REHEARING DENIED, TUESDAY, MAY .12, 1908.

ACTION on an indorsement of a promissory note. From judgment on a directed verdict for plaintiff, the defendant appeals.—*Reversed.*

*Hager & Powell,* for appellant.

*Sullivan & Sullivan* and *Frank B. Wilson,* for appellee.

MCCLAIN, J.— On September 4, 1903, one Henry Principal executed and delivered to the defendant a promissory note for $3,500, payable on or before April 1, 1906. The note was payable by its terms to the order of defendant, and was in the usual form of negotiable promissory notes, save that on the back were written at the time of its execution these words: " This note is secured by purchase money mortgage on one hundred and sixty acres of land in Guthrie County, Iowa, and payee herein agrees to look to mortgage security for payment of this note." On November 20, 1903, in connection with some exchange of property between defendant and the firm of Osgood, Allison & Son, of which plaintiff was a member, a written contract was entered into, under which the defendant bound himself to assign and indorse over to said firm the note above described " by signing his name on the back thereof, and to execute to [said firm] a written assignment of the mortgage which secures said note." In accordance with this agreement, defendant indorsed the note in blank and delivered it to the firm of Osgood, Allison & Son, and by that firm it was subsequently transferred to plaintiff. On February 27, 1905, at a sale on foreclosure under the mortgage, the sum of $2,500 was realized from the property, which amount was credited on

the note, and this action is to recover the balance with interest.

The stipulation written on the back of the note at the time of its execution became a part of it. *Heaton v. Ainley,* 108 Iowa, 112; *Elmore v. Higgins,* 20 Iowa, 250; *Bonewell v. Jacobson,* 130 Iowa, 170. The instrument was thereby rendered nonnegotiable. Nevertheless by the indorsement thereof defendant assumed an obligation to his indorsee or any subsequent holder to pay the amount due as provided in the instrument, according to its tenor. Negotiable Instruments Act, 29th General Assembly, chapter 130, Code Supp. 1902, section 3060–a66. Prior to the passage of the Negotiable Instruments Act, this court held that the indorser of a nonnegotiable instrument became liable to his indorsee, or a subsequent holder, as a maker of the instrument indorsed, no demand or notice being necessary to fix his liability, which was treated as absolute, and not conditional. *Hall v. Monohan,* 6 Iowa, 216; *Billingham v. Bryan,* 10 Iowa, 317; *Lynch v. Mead,* 99 Iowa, 66. But, whatever may be the status under present statutory provisions of a blank indorser of a nonnegotiable note, there is no authority for holding him liable, excepting in accordance with the terms of the instrument as to amount to be paid and condition on which it is to become payable. He does not assume any greater liability than that of maker of the very instrument which he indorses. As against the maker, plaintiff could have no relief, save that afforded by resort to the mortgage security. *Elmore v. Higgins,* 20 Iowa, 250. And the same stipulation, made a part of the note, which thus limited the liability of the maker, also constituted a limitation on the liability of defendant as indorser.

The court erred, therefore, in directing a verdict for plaintiff. Defendant's motion for a verdict should have been sustained, and judgment rendered in his favor against plaintiff for costs.—*Reversed.*