CRESCO UNION SAVINGS BANK, Appellee, v. TERRY & TERRY,
Appellants.

**PARTNERSHIP:** Liability of Partners—Trading Partnership. A *trading* partnership and the individual members thereof are liable on a promissory note and on extensions thereof executed in the partnership name for borrowed money which, without the knowledge of the lender, was obtained by one partner for the purpose of discharging his individual obligation to another partner.

**ALTERATION OF INSTRUMENTS:** Bills and Notes—Extension Agreement. The entering upon a promissory note of an agreement to extend the maturity date does not constitute an "alteration of the instrument."

**Headnote 1:** 30 Cyc. pp. 503, 504. **Headnote 2:** 2 C. J. p. 1200; 8 C. J. p. 729.

**Headnote 2:** L. R. A. 1916D, 535; 16 R. C. L. 982.

*Appeal from Howard District Court.*—W. J. SPRINGER, Judge.

DECEMBER 14, 1926.

Suit on a promissory note. From a directed verdict in favor of plaintiff, defendants appeal.—*Affirmed.*

*A. E. Sheridan* and *Joseph Griffin,* for appellants.

*McCook & Lyons,* for appellee.

ALBERT, J.—L. Terry and Morris Terry, under the firm

name of Terry & Terry, conducted a general mercantile business at Cresco, Iowa. L. Terry was a resident of Waukon, and

1. PARTNERSHIP: liability of partners: trading partnership.

later of Wisconsin. The business was in charge of Morris Terry. Aside from their partnership, Morris Terry was indebted to L. Terry in the sum of $10,000. L. Terry purchased some property in Wisconsin, and advised Morris that he wanted him to pay part of the obligation which he (Morris) owed him. Morris Terry applied to appellee bank, to borrow $1,500, which loan was granted, and he made a note to the bank for that amount on November 21, 1921, signing the note with the partnership name. Under the evidence, at the time the bank made this loan, they understood that L. Terry wanted to draw out $1,500 from the firm, to make a payment on the building he was buying in Wisconsin. So far as the record is concerned, there is no showing that the bank knew anything about the private indebtedness existing between L. Terry and Morris Terry, or that this money was to be applied on such private indebtedness. The $1,500 resulting from the making of this note was deposited in the partnership account of Terry & Terry, and later was withdrawn by check and forwarded to L. Terry. The note of November 21, 1921, became due, and a renewal note was executed on the 21st day of February, 1922, for a similar amount, signed ''Terry & Terry, by Morris Terry.'' The last named note became due, and on August 24, 1922, another renewal note was made, signed ''Terry & Terry, by Morris Terry.'' This last note became due, and on November 15, 1922, was renewed by the note in suit. On or about December 7, 1922, the partnership was dissolved.

An extension of this note was made, extending the time to August 1, 1923, signed by the bank, and by Morris Terry individually. Later, another extension was made, extending the note to January 1, 1924, signed the same as the first extension. To neither of these extensions was the firm name of Terry & Terry attached. The interest was paid from time to time, and on the 9th day of January, 1924, the sum of $250 and interest were paid.

The defendant L. Terry testified, and his testimony is undisputed, that, until notice was served upon him of the commencement of the suit on this note, he had no knowledge that his partner had borrowed this money from the bank on the firm's credit.

He also testified that he never authorized his partner to so borrow the money. He offered other testimony in support of his theory of the case, which was rejected, and the court made numerous errors in rulings on the offered testimony; but, in the view we take of the case, the offered testimony was not of importance.

At the close of plaintiff's testimony, the defendants jointly and individually made a motion to direct a verdict, and at the close of all the testimony, a similar motion was made. Also, plaintiff made a motion to direct a verdict in its favor, which was sustained by the court.

The first question urged by appellant is that nothing was paid to the firm of Terry & Terry at the time the note was executed, nor did the firm of Terry & Terry benefit by said transaction. Under the facts in the case, this contention is not maintainable. The evidence shows that the money derived from this promissory note was credited in their bank account to the firm of Terry & Terry at the time the note was made and delivered. This being true, the bank was not bound to follow the proceeds to its final distribution. 1 Bates on The Law of Partnership, Section 348.

It is next contended that Morris Terry borrowed this money from plaintiff, to pay his own personal obligations to L. Terry, and that the bank, knowing this at the time of the transaction, cannot now recover from another member of the firm merely because the firm name was affixed to the note. If we concede this to be the law, for the purpose of this opinion, the facts do not warrant its application. There is nothing in the record to show that the bank knew that this money was being borrowed to pay the personal obligation of Morris Terry to L. Terry. The most that can be said of the testimony is that the bank knew that this money was being borrowed for the firm of Terry & Terry, and that L. Terry expected to withdraw the same from the firm. This being the exact state of the record, the authorities cited by appellant have no application.

It is next urged that borrowing money by the firm, on the firm name and credit, did not come within the scope of Morris Terry's authority as a member of the partnership, in the ordinary course of business, especially where the money was borrowed for the purpose shown in the record. This complaint rests largely, if not wholly, upon the question disposed of in

the paragraph just preceding. This was a trading partnership, and since it was such, a partner would have a right to borrow money and issue the partnership obligation therefor, and the firm would be bound. In this case, the money was paid into the partnership account, and the bank did not know that the party negotiating the loan was intending to use it for his own private use. While it is true that L. Terry did not know that Morris was borrowing this money on the firm credit and issuing the firm paper therefor, his liability thus created is one of the incidents of the partnership relation, and his want of knowledge will not relieve him from liability.

It is next urged that the extension agreement placed on the back of the note by the bank and Morris Terry amounted to an alteration of the instrument such as to release L. Terry, and

2. ALTERATION OF INSTRUMENTS: bills and notes: extension agreement.

we are cited to *Robinson v. Reed,* 46 Iowa 219; *Shroeder v. Webster,* 88 Iowa 627; *Heaton v. Ainley,* 108 Iowa 112; *Allison v. Hollembeak,* 138 Iowa 479; 8 Corpus Juris 729; and three Canada cases. It is claimed that these are authority for appellant's position on this question. A reading of each and all of these cases, however, shows that the alteration complained of was an alteration of the instrument itself, by which the time of payment specified in the instrument was changed or altered. No authority is cited to the identical question here presented, nor have we, on careful search, been able to find any holdings on such question. We know of no principle or rule of law which will support appellant's contention on this question. The *Heaton* and *Allison* cases both hold a stipulation written on the back of a note at the time of the execution and delivery a part of the note.

The case of *Van Valkenburg v. Bradley & McCullough,* 14 Iowa 108, is a case in which, after the dissolution of the partnership, one of the firm partners took up an old note of the partnership and issued new notes in place thereof, signing the partnership name to the new notes; and the suit was on the new notes. It was held that another partner of the former firm, when sued on the note, was not liable, because the firm partner making the note was without authority to issue a firm obligation after the dissolution of the partnership.

We are furnished in the brief with a long line of authority

to the point that, after the dissolution of a partnership, neither of the partners has a right to execute notes in the name of the partnership; but this line of authorities is of no aid to us on the question we have before us.

Some question is raised about the court's refusal to reopen the case for the purpose of permitting one of appellant's witnesses to give additional testimony. This question is largely within the discretion of the court, and in the absence of a showing of abuse of such discretion, we would not be warranted in reversing the case on that ground.

We find no reversible error in the record.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.