## HEIDEN v. BEUTTLER.

### No. 944.

District Court, N. D. Iowa, W. D.

June 18, 1935.

Robert Pike, of Sioux City, Iowa, for plaintiff.

Jesse W. Hubbard, of Sioux City, Iowa, for defendant.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Sioux City, Iowa, on the 6th day of June, 1935, on its merits.

There was presented to the court at that time a motion to transfer this cause of action to equity on the ground that the substituted answer raises equitable issues. By stipulation of the parties, it was agreed that any equitable rights of set-off that may have existed at the time of the closing of the bank might be considered as a full and complete right and defense to this action, whereupon the motion was overruled. It now appears to the court for the first time that in the substituted answer filed May 27, 1935, the defendant asked for equitable relief in the nature of establishing any balance due to him as a general claim in the matter of the receivership of the bank. As this only could be done in equity, the court is satisfied that its former ruling refusing to transfer to equity should be, and the same is hereby, set aside and the cause transferred to equity for decision and decree.

The suit was argued and submitted on an agreed stipulation of facts, which facts need not here be set out, as they are con-

cisely stated and are adopted as findings of fact by this court.

The attorney for plaintiff requested careful consideration of the questions involved as it might be a matter of precedent in settlements by receivers of national banks.

It appears to me so obvious that the defendant is entitled to the relief asked that a careful digest and citation of authorities are unnecessary.

There is no question but that the general principles of law relied upon by the plaintiff are rules of law in Iowa.

■ A partnership is dissolved by the death of one of its partners, and, as a general rule, a liquidating surviving partner of a firm dissolved by the death of one of its partners cannot make a note in the name of the firm binding the copartnership for a pre-existing debt. However, the giving of a new note for a pre-existing indebtedness of a partnership by the surviving member of a firm does not cancel the original indebtedness, unless it was the intention of the parties to do so, as in the case of Van Valkenburgh v. Bradley, 14 Iowa, 108. But such a transaction merely extends the time of the payment of the original indebtedness, and perhaps adds the renewed obligation of the surviving partner individually for the payment of such a note.

■ It is fundamental that on the death of a member of the partnership that the partnership is dissolved, but that the surviving partner may, as trustee for the partnership, proceed to wind up the affairs of the partnership and that the property of the partnership first belongs to, and must be used for the payment of debts of, the partnership, and that the rights of the partners therein as individuals are only as to any balance that may remain after the payment of such indebtedness. As a corollary to this rule, a creditor must first look to the firm property for the payment of obligations due from the partnership before such creditor may ask the partners individually to pay any such obligation.

■ The facts stipulated disclose that at the time of the closing of the Sioux National Bank in Sioux City, Iowa, there was on deposit in said bank in the name of the partnership the sum of $659.65. This deposit in the name of the partnership was only a matter of bookkeeping, and might well have been in the name of the surviving partner as trustee. In any event, this sum of $659.65 was in the bank, and that bank was the only creditor of the partnership at that time, so that this money not only belonged to the bank, but it had a possessory lien thereon, as stated in the case of Andrew v. American Savings Bank (Iowa) 255 N. W. 871, 873: "It is the settled law of this state that a bank has a possessory lien against a depositor's general deposit account in the bank for any indebtedness owing the bank by the depositor."

■ It is true here the suit is against the surviving member of the firm as an individual, but I can see no reason why he cannot in answer to a suit brought against him to recover the balance due on a note less than that amount successfully say, that you have in your bank funds upon which you have a possessory lien to pay the very debt upon which you are suing me.

The right of set-off was originally an equitable right, but has been adopted by most of the states as statutory, giving a right at law; but, after all, it is an equitable right. The equitable rules of set-off are derived from the civil law and are founded upon principles of natural equity and justice. By the exercise of its equitable jurisdiction, the court is enabled to do justice between the parties. While the doctrine was originally "a mere procedural convenience, it has now become 'really a requirement of substantive justice.'" First Nat. Bank, etc., et al. v. Malone, 76 F.(2d) 251, 254, decided by the United States Circuit Court of Appeals, 8th Circuit, on March 9, 1935.

■ There are other theories on which an offset should be allowed. Considering the original indebtedness as that of the individual partners and as the original indebtedness to have been canceled, there is a presumption that the remaining partner should have a right to demand an offset where it would be beneficial to the individual members of the partnership. Such a presumption must prevail where the action of an individual partner as trustee is for the benefit of any parties liable. While the facts as stipulated do not disclose the consent of the executor of the estate of the deceased partner to such an offset, I think it should be presumed as beneficial.

It seems to me that the justice of the situation here presented is so strong and compelling to establish an offset that any other finding would be most inequitable and shocking to the conscience of a chancellor.

292

The defendant is entitled to have the plaintiff apply first on the indebtedness the $659.65 upon which the bank has a possessory lien and to have any balance of said indebtedness offset from the balance in the bank at the time of its closing in his name, or an amount of $1,137.99, and to have established as a general claim any amounts over and above such set-off in his favor. The attorney for the defendant may draw an order showing the exact balance which should be allowed as such general claim in favor of the defendant and present it to this court for signature. To all of which the plaintiff, E. A. Heiden, receiver, excepts.